[No. 12149.   Department One. — December 23, 1887.]

## A. G. WEIDEKIND, APPELLANT, v. TUOLUMNE COUNTY WATER COMPANY, RESPONDENT.

ATTORNEY AT LAW — CANNOT CHANGE SIDES ON SUBSEQUENT TRIAL — PRESUMPTION OF INJURY TO FORMER CLIENT. — The trial court has power, and it is its duty, if satisfied that an attorney has acted as such on the side of one party in a former trial of an action, to prohibit him from acting as an attorney on the other side in a subsequent trial; and if the court refuses so to do, and a judgment on the subsequent trial is rendered against the attorney's former client, injury will be presumed to have resulted to him whereby he was prevented from having a fair trial.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Frank W. Street,* for Appellant.

*Edwin A. Rodgers,* for Respondent.

FOOTE, C.—This is an action to recover damages alleged to have been done to the plaintiff's mining claim, as is asserted, by the negligence of the defendant, which eventuated in the breaking of a dam, and the overflow of the water which it had confined.

The jury trying the cause returned a verdict for the defendant, upon which the court rendered judgment, from which, and an order overruling a motion for a new trial, the plaintiff has appealed.

The plaintiff assigns for error, that the court, against his objection, allowed an attorney and counselor at law who had formerly acted for plaintiff in this very case when it was previously tried to appear and act on behalf of the defendant on the trial of the cause last had. That attorney made this statement regarding the matter in the presence of the court, while the trial was progressing:—

"As the court well knows, Mr. Weidekind [the plaintiff] in the first trial of this case did retain Mr. Dorsey and myself. I drew the complaint and participated in the first trial of this case in this court. My compensation was to depend upon my success; as soon as I had earned that by our success, this plaintiff saw fit to discharge me and retain other counsel; with that act of his I have never found fault. I have never been paid a cent by him for my services. An appeal was taken from the judgment in that trial entered. A new trial was granted by our supreme court. A new trial was had. Judgment was entered against plaintiff. An appeal was again

taken, and another reversal followed. In each of these trials plaintiff has had other counsel than myself. I am here to assist Mr. Rodgers in the trial of this case, with all the knowledge I have gained in the three trials."

Thereupon he did act as an attorney and counselor on the trial, sitting by and assisting the attorney of record, arguing disputed points before the court, and examining witnesses, the court having overruled the repeated objection of the plaintiff's counsel.

This action of the court is contended to be such an irregularity on its part as prevented the plaintiff from having a fair trial. It was within the power of the court, if satisfied that the attorney in question had acted on the plaintiff's side of the case on the former trial, to prohibit his acting on the other side in another trial. (Weeks on Attorneys at Law, sec. 120.)

There can be no doubt from the statement of the attorney to the court that he proposed to act, and it is also certain that he did act, as an attorney and counselor for the defendant in the trial of a cause where he had formerly acted for the plaintiff.

The trial court had a right and it was its duty to have forbidden the attorney from changing sides in the same suit, though at different trials; for to do otherwise was "to defeat the very purpose for which courts were organized, viz., the administration of justice." (*Wilson* v. *State*, 16 Ind. 392.)

The evidence in this case and the statement of the attorney himself was sufficient to show the court that his intention was, for the benefit of the defendant, to use at that time all the knowledge and secrets he had gained from his former client in preparing for and conducting one trial, and observing and watching the developments of two others.

This court, speaking to such a question, says: "We are of opinion that the court in that case would have restrained him, even had he been unjustly discharged, and

he was allowed, as contended, to be employed by the adverse party. The law secures the client the privilege of objecting at all times and forever to an attorney, solicitor, or counselor from disclosing information in a cause confidentially given while the relation exists. The client alone can release the attorney, solicitor or counsel from this obligation. The latter cannot discharge himself from the duty imposed on him by law." (*In re Cowdery*, 69 Cal. 50; 58 Am. Rep. 545.)

The attorney himself boldly avowed his intention so to act; the court permitted him to do it, notwithstanding the plaintiff's objection. This we think was an error, and in the absence of any proof to the contrary, injury must be presumed to have resulted to the plaintiff, whereby he was prevented from having a fair trial of his case.

We perceive no further prejudical error, but for the reasons indicated, the judgment and order should be reversed, and the cause remanded for a new trial.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded for a new trial.