THE CITY OF LEAVENWORTH v. OWEN DUFFY.

No. 664.    (62 Pac. 433.)

1. DAMAGES—*Tort—Allowance of Interest*.   In an action of tort, interest, as such, cannot be allowed by the jury upon the amount of damages awarded by them.

2. ———— *Cities — Change of Grade — Abutting Owner*.   The owner of land abutting upon a street in a city of the first class is entitled to compensation for any injury to his property which he sustains over and above that sustained in common with other abutting owners or the public in general, resulting from a change in the established grade of the street.

Error from Leavenworth district court; LOUIS A. MYERS, judge.   Opinion filed October 6, 1900.   Modified and affirmed.

*Jno. T. O'Keefe*, for plaintiff in error.

*John H. Atwood*, and *William W. Hooper*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : This was an action by Duffy against the city of Leavenworth, the Rapid Transit Railway Company and the Kansas City, Wyandotte & Northwestern Railway Company to recover damage to property in the city of Leavenworth occasioned by a change in the grade of a street upon which the property

abutted.   The change in the grade was occasioned by the construction of the railroad of the Rapid Transit company.   The Kansas City, Wyandotte & Northwestern Railway Company subsequently purchased the road so built from the Rapid Transit company. Upon the trial of the case the court sustained a demurrer to the evidence of the plaintiff, in behalf of the Northwestern company, and the trial proceeded against the city and the Rapid Transit company. There was a verdict and judgment against the city, and this proceeding in error is prosecuted by it against Duffy alone.   A motion is made on his behalf to dismiss the proceeding because the other defendants are not made parties herein.   There is no contribution between wrong-doers.   If either of the railway companies is liable over to the city, it must be upon some separate undertaking in respect thereto which is not involved in this case.   It is true, as counsel contend, it is disclosed by the pleading that, under the provisions of the ordinance granting the right of way, the Rapid Transit company obligated itself to save the city harmless from damages.   However, it was not an issue in this case, and whether that company would be liable over to the city for any damage in this case under the ordinance we cannot say appears by the record.   There was judgment against the city for $1000 damage to the property, and $570 interest, as specified in the verdict.

The first assignment of error is that the court permitted an attorney to appear for the plaintiff in the trial of this suit who had been attorney for the city, and had filed the answer in the cause for the city upon which the case was tried.   Under the well-established rules of law, this action of the court wa· an irregularity which would require the court to gran ;

a new trial, unless it was made to appear in behalf of the plaintiff that it resulted in no injury to the city. Under the provisions of the code, we are obliged to disregard any error unless it resulted in prejudice to the rights of the aggrieved party, and in such case prejudice would be presumed, in the absence of any showing to the contrary. ( *Weidekind v. Water Co.*, 74 Cal. 386, 19 Pac. 173.) It does appear from the record, in our view of the case, that no material injury resulted therefrom to the city. It is, therefore no ground for a reversal of the judgment.

It is next contended that there was no allegation of special damages in the petition. It is sufficient to say, in answer to this, that no special damage, within the meaning of the rule of law requiring such to be specially pleaded, was sought to be recovered, nor was there any such recovery. Counsel for the city seem to confound this rule with another rule of law, that where a party seeks to recover damages for a public nuisance, he must plead and show a damage peculiar to himself and not such as is suffered generally by the public. The facts alleged in the petition sufficiently conform to this latter rule. It is true that as an element of damage to the property the plaintiff alleged in the petition that his ownership extended to the center of the street, and that by reason of the construction of the road his ingress and egress to and from his property were cut off. But these allegations were merely incident to the general allegation that the construction of the road and the change in the grade of the street resulted in the deterioration of the value of his property. It is further contended, in the fifth assignment, that these two allegations of damage are the only allegations of damage peculiar to him occasioned by the nuisance. This is a misconstruction of

Leavenworth v. Duffy.

the petition.   As we have said above, a deterioration in the value of the property was the proper basis or we might say the entire basis of the action.

The sixth assignment of error covers the same contention.

The seventh assignment of error is likewise based upon a misconception of the allegations of the petition.   One of the things occasioned by the construction of the road and the raising of the grade of the street was casting the water accumulated thereon upon the plaintiff's property, no precautions having been taken to prevent that result.

Under the ninth assignment of error, it is contended that some of the special findings of the jury are not true ; that some of the answers given thereto are evasive and unsatisfactory, and that as a whole they indicate partiality, and for that reason a new trial should be awarded.   We fail to find any findings of the jury that are not sustained by some evidence, and the answers are as clear and specific as they could be under the evidence.

The tenth assignment of error relates to the introduction of evidence.   We find nothing in the record pointed out by counsel that amounts to such an erroneous admission of evidence as would warrant us in setting aside the verdict.

The eleventh assignment relates to instructions, which are not quoted, as the rules of this court require, so that we cannot say, without going into the record to hunt them out, that there was error committed in this regard, and we decline to make the examination.   The same seems to apply to the twelfth and thirteenth assignments of error.

Under the fourteenth assignment of error, it is contended that the court erred in rendering judgment for

interest embraced in the jury's verdict. The rule of law is that, in actions sounding in tort, such as this, interest, as such, cannot be allowed. It is true the jury may, under some circumstances, in actions for tort, enlarge the damages by way of allowing interest, but that is not what was done in this case. The court told the jury that, if they found for the plaintiff, they should add interest at six per cent. from the date of injury to the rendition of the verdict, and the jury, following this instruction, rendered a verdict for $1000 damages and $570 interest thereon. This cannot be sustained; however, it will not necessitate a reversal of the judgment. (1 Suth. Dam. § 347.)

The fifteenth assignment is that the court erred in giving Duffy a judgment for his costs in the case. There is no allegation in the petition that the claim was presented to the city council. It is an action against the city for an unliquidated claim, and section 129, chapter 32, of the General Statutes of 1897 (Gen. Stat. 1899, § 843), expressly provides that no costs shall be allowed in such a case unless the claim has been presented to the council before suit. See, also, *City of Atchison v. King*, 9 Kan. 551. Hence it was error to adjudge costs to the plaintiff. This error can be remedied without a new trial.

The sixteenth contention is that under the pleading the city was not liable in any event. In support of this contention, counsel cite *Kansas City v. Brady*, 52 Kan. 297, 34 Pac. 884. The decision of that case has no application to the facts herein. The findings of the jury there were that the city was not guilty of any act of negligence contributing to the plaintiff's injury; that the damage was occasioned by the wrongful act of a private party in constructing a sewer on its own property, over which the city had no

Leavenworth v. Duffy.

jurisdiction.  Neither is the decision of the court of appeals of Colorado in *Aicher v. Denver*, 10 Colo. App. 413, 52 Pac. 86, applicable to the facts of this case. The case of *Eachus et al. v. Los Angeles Consolidated R. R. Co.*, 103 Cal. 614, 37 Pac. 750, cited in support of this contention, is directly against it.  The first paragraph of the syllabus reads as follows:

"An owner of land abutting upon a street is entitled to compensation for any injury to his property which it sustains over and above that sustained in common with other abutting owners or the public in general, resulting from a change in the grade of the street, and the fact that the change in the grade is merely a change from the natural grade to the official grade is immaterial."

This goes further than is necessary to sustain the judgment.  The damages awarded the plaintiff were occasioned by a change of the official grade of the street after the plaintiff had constructed his building to conform to the established grade.  We find no error requiring a reversal of the judgment.  It will, however, be modified by eliminating therefrom the item of $570 interest and the item of costs adjudged to the plaintiff, and the case will be remanded to the district court with directions to make these modifications therein.  In all other matters the judgment is affirmed.  The costs of this court will be divided evenly between the plaintiff and defendant in error.