### BROWN v. MILLER, Alien Property Custodian.

(Court of Appeals of District of Columbia. Submitted November 3, 1922. Decided February 5, 1923.)

#### No. 3823.

1. **Attorney and client** ⬅⮞21—**Attorney held to have acted as such for Alien Property Custodian.**

   Evidence that an attorney employed in the office of the Alien Property Custodian had the right of access to all documents and files in the office, and could be called on by the Custodian to act in his capacity of attorney, *held* to show that he sustained the relation of attorney to the Custodian concerning the matters of a corporation seized by the Custodian, with reference to which the attorney had written, received, and examined letters and papers touching the closing up of its affairs.

2. **Attorney and client** ⬅⮞21—**Statute and rules relating to disbarment do not prevent order not to appear in case.**

   The rules of the court and the statutes relating to disbarment proceedings against an attorney do not deprive the court of its authority without such proceedings to order an attorney not to appear in a case against a client relating to matters which the attorney had handled for the client.

3. **Attorney and client** ⬅⮞21—**Court can order attorney not to appear against former client.**

   A court can order an attorney to refrain from appearing for a party, or strike his appearance from the docket, where the attorney had previ-

---

⬅⮞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ously represented the adverse party with respect to matters involved in the action.

**4. Attorney and client ⊜⇒21—Attorney cannot assume position hostile to former client with reference to same matters.**

An attorney, who has acted as such for a client, cannot thereafter assume a position hostile to the client about the same matter, nor use against the client knowledge or information obtained from him while the relation subsisted, and officers of the government employing attorneys are entitled to the same protection against unprofessional conduct on their part as are private persons.

**5. Attorney and client ⊜⇒21—Court need not inquire how much information attorney obtained from former client.**

Where it appeared that an attorney, representing one party in litigation, had formerly represented the adverse party with respect to the same matter involved in the litigation, the court need not inquire as to how much knowledge the attorney acquired from his former client during that relationship, before refusing to permit the attorney to represent the adverse party.

**6. Attorney and client ⊜⇒21—Facts held to show attorney used information obtained from former client.**

Where the answer of an attorney to a petition by the Alien Property Custodian, asking to have the attorney excluded from appearing for the adverse party in a suit against the Custodian, because the attorney had previously represented the Custodian with respect to the same matters, showed an intimate knowledge of the method of doing business in the Custodian's office, and admitted he had access to any files therein, and the interrogatories attached to the bill on file against the Custodian were manifestly based on the knowledge or belief that certain facts existed which would be shown by papers in the Custodian's office, the record demonstrates that the attorney had used information acquired while in the Custodian's office, if such showing were necessary to justify refusal to permit him to appear against the Custodian.

Appeal from the Supreme Court of the District of Columbia.

Suit by the Butler Company against Thomas W. Miller, as Alien Property Custodian. From an order excluding John Wilson Brown, 3d, from acting as attorney and counsel for the Butler Company, and striking his name from the files and record thereof as attorney or counsel, Brown appeals. Affirmed.

John Wilson Brown, 3d, of Washington, D. C., in pro. per.

Peyton Gordon and Dean Hill Stanley, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. The case, stripped of much collateral matter, is this: The appellant, an attorney duly admitted to practice before the courts of the District of Columbia, was employed as an attorney in the office of the Alien Property Custodian, hereinafter referred to as the Custodian. In the performance of his duties, and because the stock thereof was owned by alien enemies, the Custodian was required to and did take charge of and administer the property and affairs of the Felix Schoeller Paper Company, Inc., hereinafter referred to as the Paper Company, and in due course caused

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the said Paper Company to be wound up, and received the avails of its assets. In the administration of its affairs the Custodian caused to be issued to himself all the certificates of the shares of stock of the Paper Company, and selected the board of directors which managed and controlled it under him until final liquidation. In other words, the Custodian in effect sustained to the Paper Company the relation of manager, if not of owner thereof.

[1] Under the direction of the Custodian the appellant attended to certain of the matters of the Paper Company, wrote, received, and examined letters and papers touching the closing up of its affairs, and had the right of access to all the documents and files of the Paper Company that were in the Custodian's office in this city, but just what those were does not clearly appear. From the facts stated, and others appearing unnecessary to relate, we are clear that appellant sustained the relation of attorney to the Custodian concerning the Paper Company's matters, and that his relation thereto was in all respects, as the relation of attorney and client implies, confidential. He denies that he so acted, but admits that his employment was such that the Custodian might have called upon him in that capacity.

After termination of appellant's employment in the Custodian's office, the Butler Company brought its bill in equity to the Supreme Court of the District of Columbia against the Custodian and the Treasurer of the United States, seeking to recover a large sum of money claimed to be due from the Paper Company to it, therein, among other things, alleging a shortage of duty on the part of the board of directors of said Paper Company, selected by the Custodian, touching the claim of said Butler Company, and prayed that the funds resulting from the Paper Company's liquidation in the hands of the Custodian or of said Treasurer be impressed with a trust for the benefit of the Butler Company. The appellant was and is one of the attorneys for the Butler Company in the equity proceeding, and the same now is pending in said Supreme Court.

The Custodian filed his answer to the bill of the Butler Company, and therein denied and put in issue the right of said Company to the recovery and relief sought, and also denied that the directors of the Paper Company elected by his direction were negligent in the performance of their duties. After the filing of this answer, the Custodian brought his petition in the same case, praying that the appellant be required to withdraw as attorney for the Butler Company, on the ground that, while he was employed by the Custodian, he received in that capacity confidential information and knowledge, the improper use of which would prejudice the Custodian in the Butler Company suit, and that the appellant was improperly using said information in prosecuting the same.

The appellant filed his answer to this petition and the matter came on for hearing before the court upon petition and answer, whereupon, after considering the arguments of counsel and the facts alleged in the petition and answer, both of which were verified, no evidence being offered by either side, the court ordered that appellant be excluded from acting as attorney and counsel for the Butler Company in its

said suit against the Custodian, and that his name be stricken from the files and record thereof as attorney or counsel.

[2] One contention made by appellant is that this proceeding is in the nature of a disbarment, and should, if at all, have been instituted and prosecuted as such. The rules of court upon which appellant relies provide for disbarment proceedings, but expressly state that the provisions thereof shall not deprive the court of any further power in the premises which it may possess, and the statutes cited by appellant in this connection are equally elastic. We find therein no prohibition expressed or implied against a proceeding of this character. It would indeed be singular, in a case like this, to hold that the proceedings below must come to naught because of a character more favorable to the appellant than might have been invoked against him.

[3] As establishing the doctrine that a court may in cases like this order an attorney to refrain from appearing for a party or strike his appearance from the docket, we refer, without discussion, to the following: Bowman v. Bowman, 153 Ind. 498, 55 N. E. 422; Weidekind v. County Water Co., 74 Cal. 386, 19 Pac. 173, 5 Am. St. Rep. 445; Gaulden v. State of Georgia, 11 Ga. 47; Nickels v. Griffin, 1 Wash. T. 374; Wilson v. State, 16 Ind. 392; Peirce v. Palmer, 31 R. I. 432, 77 Atl. 201, Ann. Cas. 1912B, 181; In re Paschal, 10 Wall. (77 U. S.) 483, 19 L. Ed. 992; Ex parte Wall, 107 U. S. 265, 2 Sup. Ct. 569, 27 L. Ed. 552; In re Thatcher (C. C. & D. C.) 190 Fed. 969; Diggs v. Thurston, 39 App. D. C. 267. We are not unmindful that some of the above, as well as the hereinafter cited cases relate to disbarment proceedings; but so far as they touch upon the power of the court and the duties of an attorney to his client they are applicable to the case at bar.

[4] Was the relation of appellant to the Custodian such as to justify the decree below? The law is well settled that an attorney, having acted as such for a client, cannot thereafter assume a hostile position to him about the same matter, and cannot later use against him knowledge or information obtained from his client while that relation subsisted. 6 Corpus Juris, 619, Peirce v. Palmer, 31 R. I. 432, 77 Atl. 201, Ann. Cas. 1912B, 181, supra, Strong v. International Building Union, 183 Ill. 97, 55 N. E. 675, 47 L. R. A. 792; In re Cowdery, 69 Cal. 32, 10 Pac. 47, 58 Am. Rep. 545; Baker v. Humphrey, 101 U. S. 494, 25 L. Ed. 1065; Ex parte Wall, 107 U. S. 265, 2 Sup. Ct. 569, 27 L. Ed. 552; United States v. Costen (C. C.) 38 Fed. 24; In re Boone (D. C.) 83 Fed. 944.

[5] We have already found that the appellant was the attorney of the Custodian concerning the Paper Company's matters, and think the facts as to his relation thereto, already appearing, bring him within the interdiction of the rule. We agree with what it is claimed, and not denied, that the learned judge below said in disposing of the case, viz.:

"* * * I do state that it should not be necessary for the court to go into a detailed question of how much a lawyer knows of the business of his client in each case. But if he has represented that client in a certain matter, I think a lawyer should not represent anyone in opposition to his client in that same matter. Now, under the conceded facts in this case, Mr. Brown had

such connection with this matter that I think renders it, I will not say grossly improper, but I think very inexpedient, for him to represent the plaintiff in this case."

[6] If, however, as appellant claims, it be assumed that it was incumbent upon the court to make further inquiry, and ascertain whether or not appellant was, in the Butler case, using information acquired while in the Custodian's employ, we think the record before us sufficiently demonstrates that information thus acquired was so used. His answer to the petition shows an intimate knowledge of the method of doing business in the Custodian's office, and admits that while there employed he always had access to any files therein.

The bill in the Butler suit contains various interrogatories that manifestly are based upon the knowledge or belief that certain facts existed which would be shown by papers in the Custodian's office. Interrogatory No. 14 may be used as an illustration. It was:

"Did or did not the Custodian, succeeding to the rights of enemies, come into sole ownership or control of all the capital stock of the Paper Company?"

Some of the documents in the Custodian's office, which came under the attention of appellant, relate to that very matter—show that the Custodian did come into such ownership, and that appellant not only knew about it, but performed services in connection therewith. A similar condition with respect to other interrogatories, and the acts performed by the appellant in the Custodian's office, is shown by the record.

Appellant undertakes to explain away the inferences arising from these facts, by saying his action in such matters was mechanical, and not confidential. We cannot subscribe to this view. We are inclined to think, however, that the conduct of appellant in participating as an attorney in the Butler suit was not intentionally unprofessional. It was rather inadvertently so.

Officers of the government, employing attorneys, are entitled to the same protection against unprofessional conduct on their part as are private persons, and attorneys so employed owe the same fidelity to such employers as to other clients. We find no abuse of discretion on the part of the court below, and no error in its proceedings.

Its judgment is therefore affirmed, with costs.