Jeremiah PLATER, Sr., Appellant,

v.

Laura M. PLATER, Appellee.

No. 2719.

Municipal Court of Appeals for the District of Columbia.

Argued March 13, 1961.

Decided June 22, 1961.

Edward L. Genn, Washington, D. C., with whom Brown, Genn & Brown, Washington, D. C., was on the brief, for appellant.

Albert N. Lobl, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge; Retired) sitting by designation under Code § 11-776(b).

HOOD, Associate Judge.

Appellant husband sued appellee wife for a limited divorce on the ground of cruelty and in the same action sought an order requiring the wife to surrender to him the passbooks to a building and loan association account and a bank account. The wife answered, denying cruelty on her part, seeking separate maintenance and support, and asserting an interest in the two accounts.

At the conclusion of the trial the court found that prior to bringing this action the husband had abandoned his domicile in the District of Columbia and had become a resident of Maryland and continued to be a resident of that State, and dismissed the action for divorce. The court also dismissed the wife's counterclaim for separate maintenance. With respect to the claims of the parties in the building and loan and bank accounts, the court ordered that the passbooks be placed in the custody of the Clerk of Court and that no withdrawals be made from the accounts "until there has been an adjudication of the parties' respective rights to the funds by a court of competent jurisdiction."

The husband first claims there was error in the finding that he was not a resi-

dent of the District of Columbia when he filed his complaint. The record shows that the husband was formerly a resident of Maryland. After he married appellee they lived in her home in the District of Columbia. When he left her because of her alleged cruelty (their married life lasted only a little over one year) he went to his daughter's home in Maryland and has since lived in that State. He brought this action shortly after he went to Maryland. His testimony regarding his intention in going to Maryland was not clear. It could be interpreted that he went to his daughter's home in Maryland simply because he had no other place to go, and that he did not intend to abandon his District of Columbia domicile. His testimony was also subject to the interpretation that he went to Maryland intending to make his home there with no intention of ever again making his home in the District. The trial court accepted the latter interpretation and we cannot say that it was plainly wrong in doing so.

■ The husband also claims the trial court was in error in not making a determination of the ownership of the two funds deposited in the joint names of the husband and wife. This point is well taken. The parties were in court in a divorce action in which was joined the property dispute. In Posnick v. Posnick, D.C.Mun.App., 160 A. 2d 804, 807, we ruled that "in a divorce action the Domestic Relations Branch has jurisdiction to adjudicate all property disputes between the parties"; and the fact that the divorce action failed did not and should not prevent the court from adjudicating all matters before it. The case must be remanded for a determination of the rights of the parties in the funds on deposit.

Another point made by appellant is that the wife's counsel should not have been allowed to represent her in this action because of his representation of appellant in an earlier action in the United States District Court of the District of Columbia, wherein an attempt was made to appoint a conservator for appellant. Appellant contended below that his wife's counsel through his previous representation of appellant had gained confidential information regarding appellant which would be used against him in this proceeding, and appellant moved that counsel should not be allowed to proceed in this case. The pre-trial judge apparently denied this motion without hearing argument or taking testimony, and it is said the pre-trial judge suggested that motion be renewed at trial. The trial judge, however, ruled that if the pre-trial judge "ruled on it, then that settles it."

■ This charge against counsel was too serious a matter to be disposed of in summary fashion. "The law is well settled that an attorney, having acted as such for a client, cannot thereafter assume a hostile position to him about the same matter, and cannot later use against him knowledge or information obtained from his client while that relation subsisted." Brown v. Miller, 52 App.D.C. 330, 333, 286 F. 994, 997. See also Hawley v. Hawley, 72 App.D.C. 376, 114 F.2d 745; Consolidated Theatres v. Warner Bros. C. M. Corp., 2 Cir., 216 F.2d 920, 52 A.L.R.2d 1231, and annotation following. It is at least conceivable that the attorney appearing for appellant in the conservator proceedings had acquired information which could be used advantageously against him in this proceeding. The facts that appellant was retired from Government service on account of, to use his own words, "mental disability," and since his separation from his wife has spent two months in a mental hospital in Maryland, are additional reasons why there should be a thorough investigation of his claim that his former attorney is taking an improper advantage of him. Of course, we do not even intimate that his claim is meritorious. All we hold is that the claim should be fully heard to determine if it has merit. And this hearing should be had before there is a determination of the property rights of the parties.

We see no occasion for disturbing the dismissal of the divorce action on the ground of appellant's nonresidence because of the court's failure to fully examine the claim of improper representation by counsel for appellee; and that judgment of dismissal is affirmed. However, should it develop that appellee's counsel ought not to be permittted to represent appellee in the trial of the property rights, appellant should not be required to pay such counsel any fee for representation of appellee in the divorce proceedings, and if such fee has been paid, counsel should be required to repay it to appellant.

Remanded for further proceedings in accordance with this opinion.