

# IN THE
## TENTH COURT OF APPEALS

_____

## No. 10-09-00175-CV

## IN RE SEVEN-O CORPORATION

_____

## No. 10-09-00183-CV

## IN RE SMITHTEX, LLP, SMITH PROPERTIES, LLP,
## STEVEN F. SMITH, STUART N. R. SMITH,
## AND NORMAN L. SMITH

_____

## Original Proceedings

---

## O P I N I O N

---

In these two original proceedings for a writ of mandamus, the Relators allege that the trial court abused its discretion in refusing to disqualify an attorney who is representing both the plaintiffs and the third-party defendants in the underlying multi-party lawsuit, which involves wrongful death, survival, and personal injury claims arising out of a motor vehicle accident that occurred in August 2006 in Cass County.

Teenagers Elizabeth Pickens, David Pickens, Jonathan Demott, and Kate Massey

were returning to College Station from visiting family in Tennessee. They were traveling southbound on US Highway 59 and stopped at the SmithTex Travelplex in Atlanta, Texas. After the stop, the Dodge Stratus being driven by Elizabeth was exiting the Travelplex parking area to re-enter Highway 59, which is adjacent to the Travelplex. As Elizabeth was preparing to cross the northbound lanes of the highway to turn and go south, a FedEx Ground truck being driven by Ivory Brown was in the northbound outer lane and had either slowed or stopped to turn right into the Travelplex. As Elizabeth pulled out of the parking lot to cross the two northbound lanes, a Tri-State Delivery truck driven by Randall Selig was going northbound in the inner lane and collided with the Dodge Stratus as it was crossing the northbound lanes. Elizabeth and David Pickens and Jonathan Demott were killed, and Kate Massey was severely injured. Elizabeth's estate settled the claims of the other three victims and their families.

The suit was originally filed by attorney Paul W. Murphy on behalf of the parents of Elizabeth and David Pickens and Jonathan Demott against Tri-State and Selig. In Selig's deposition, he testified that the FedEx truck came to a "dead stop" on the highway just before the entrance to and parking lot of the Travelplex.[1] In their first amended petition, the plaintiffs added FedEx and its driver Brown as defendants, alleging that Brown, by coming to a complete stop on the highway, negligently obstructed the views of Selig and Elizabeth Pickens. The attorney of record for FedEx was Burgain G. Hayes (who did not formally appear for Brown because the plaintiffs

---

[1] Selig's subsequent affidavit modifies his deposition testimony, stating: "To me, at the time, it appeared that the Fed Ex truck had slowed to a stop as it was attempting to turn into the parking lot of the SmithTex store. … I cannot state with reasonable certainty that the said Fed Ex truck came to a complete stop at any time prior to the occurrence in question."

did not serve Brown), who participated in several depositions in which he elicited testimony implicating Elizabeth Pickens's negligence as a cause of the crash. Hayes also espoused a theory that the cause of the accident was the negligent design and unreasonably dangerous condition of the SmithTex premises relating to traffic ingress and egress.

The plaintiffs nonsuited FedEx and Brown with prejudice (apparently without settlement) on August 6, 2008 and, in their second amended petition filed on August 8, added Kate Massey (the lone survivor in the Dodge Stratus) as a plaintiff and Smithtex, LLP and Seven-O Corporation as defendants.[2] SmithTex, Smith Properties and the Smith individuals own or operate the Travelplex, and Seven-O constructed the Travelplex. The plaintiffs allege that Seven-O negligently designed and constructed the Travelplex with respect to the traffic flow into and out of the Travelplex and its signage relative to Highway 59; they sued SmithTex for premises liability relating to the Travelplex's traffic flow and signage posing an unreasonable risk of harm. In this time frame, the plaintiffs settled with Tri-State and Selig, leaving Seven-O and SmithTex as the remaining defendants.

On September 15, 2008, the plaintiffs filed a notice of appearance designating Hayes, who had represented FedEx and Brown before the plaintiffs' dismissal of them, as their new lead counsel and attorney-in-charge. On October 15, Seven-O filed a third-party petition against FedEx and Brown, asserting the same liability theories originally

---

[2] Smith Properties, LLP, Stuart N.R. Smith, Steven F. Smith, and Norman L. Smith were later added as defendants. We hereafter refer to them and SmithTex collectively as SmithTex.

alleged by the plaintiffs against FedEx and Brown and asserting that FedEx and Brown are or may be liable to the plaintiffs for the claims asserted by the plaintiffs against Seven-O. Hayes, plaintiffs' lead counsel, then appeared as Fed-Ex's counsel and filed an answer; he later appeared and answered for Brown. SmithTex filed a cross-action against FedEx and Brown for contribution.

Seven-O and SmithTex filed motions to disqualify Hayes because he was representing the plaintiffs and also FedEx and Brown, the third-party and cross-defendants. In response, evidence that the plaintiffs, FedEx, and Brown (hereafter we refer to FedEx and Brown collectively as FedEx) have consented to Hayes's representation of all of them was presented to the trial court.[3] The sitting judge of the 361st District Court of Brazos County denied the motions to disqualify Hayes.

Seven-O and SmithTex, as Relators, complain that the Respondent trial judge abused his discretion in refusing to disqualify Hayes and seek a writ of mandamus directing Respondent to vacate his order denying the motions to disqualify and to enter an appropriate order disqualifying Hayes because he cannot represent opposing parties in the same litigation. We agree with Seven-O and SmithTex and will conditionally grant the writs.

## Standard of Review

"Disqualification is a severe remedy." *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990). It can result in immediate and palpable harm, disrupt trial court proceedings, and deprive a party of the right to

---

[3] Hayes's affidavit states in pertinent part: "I believe that serving as counsel to both FedEx and the Plaintiffs in the above-numbered cause of action will not materially affect my representation of either client. … Finally, Plaintiffs, FedEx and Ivory Brown consented to my joint representation of them after being provided the full disclosure of the advantages and disadvantages thereof."

> have counsel of choice. *See Hoggard v. Snodgrass,* 770 S.W.2d 577, 581 (Tex. App.—Dallas 1989, orig. proceeding). In considering a motion to disqualify, the trial court must strictly adhere to an exacting standard to discourage a party from using the motion as a dilatory trial tactic. *Spears,* 797 S.W.2d at 656. This Court often looks to the disciplinary rules to decide disqualification issues. [*In re Meador,* 968 S.W.2d 346, 350 (Tex. 1998)]. However, the disciplinary rules are merely guidelines—not controlling standards—for disqualification motions. *Meador,* 968 S.W.2d at 350.

*In re Nitla S.A. de C.V.,* 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding).

Issues involving attorney disqualification are appropriately reviewed for mandamus relief. *See, e.g., In re Basco,* 221 S.W.3d 637, 639 (Tex. 2007) (orig. proceeding); *In re Roseland Oil & Gas, Inc.,* 68 S.W.3d 784, 786 (Tex. App.—Eastland 2001, orig. proceeding). We will grant mandamus relief if there has been an abuse of discretion and the relator has no adequate remedy by appeal. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135-38 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when it misapplies the law to the established facts of the case. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex. 1991). "A trial court has no discretion to determine what the law is or in applying the law to the facts and, consequently, the trial court's failure to analyze or apply the law correctly is an abuse of discretion." *In re American Homestar of Lancaster, Inc.,* 50 S.W.3d 480, 483 (Tex. 2001). Even under the abuse-of-discretion standard, we do not defer to the trial court on questions of law. *See Perry Homes v. Cull,* 258 S.W.3d 580, 598 (Tex. 2008), *cert. denied,* 129 S.Ct. 952 (2009). Thus, on questions of law or legal determinations made by the trial court, our review is de novo. *See Byram v. Scott,* No. 03-07-00741-CV, 2009 WL 1896076, at *3 (Tex. App.—Austin July 1, 2009, no pet. h.); *Moeller v. Blanc,* 276 S.W.3d 656, 660-61 (Tex. App.—Dallas Dec. 30,

2008, pet. filed).

"When a trial court improperly denies a motion to disqualify opposing counsel, there is no adequate relief by appeal." *Basco*, 221 S.W.3d at 639 (citing *Nat'l Med. Enters., Inc. v. Godbey*, 924 S.W.2d 123, 133 (Tex. 1996)).

### Standing

We first address the Real Parties' (the plaintiffs and FedEx's) contention that Seven-O and SmithTex lack standing to challenge Hayes's dual representation. It is "primarily the responsibility of the lawyer undertaking the representation" to address conflicts of interest, but "[i]n litigation, a court may raise the question when there is reason to infer that the lawyer has neglected the responsibility." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06 cmt. 17, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (TEX. STATE BAR R. art. X, § 9). However, "[w]here the conflict is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question." *Id.* Here, Relators' counsel have standing to properly raise the question of Hayes's role because it clearly calls into question the fair administration of justice.

### Opposing Parties

Our focus is first on Rule 1.06 of the Texas Disciplinary Rules of Professional Conduct. That rule provides in part:

Rule 1.06. Conflict of Interest: General Rule

(a) A lawyer shall not represent opposing parties to the same litigation.

(b) In other situations and except to the extent permitted by paragraph (c),

a lawyer shall not represent a person if the representation of that person:
>    (1) involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer's firm; or
>    (2) reasonably appears to be or become adversely limited by the lawyer's or law firm's responsibilities to another client or to a third person or by the lawyer's or law firm's own interests.

> (c) A lawyer may represent a client in the circumstances described in (b) if:
>    (1) the lawyer reasonably believes the representation of each client will not be materially affected; and
>    (2) each affected or potentially affected client consents to such representation after full disclosure of the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved, if any. …

TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06 (a-c).

The Relators' principal contention is that Rule 1.06(a) mandates Hayes's disqualification because he is representing opposing parties in the same litigation. The Real Parties contend that they are not opposing parties, that Rule 1.06(b) applies instead, and that the parties' consents control. In reviewing this rule, we apply statutory construction principles, and statutory construction is a legal question that we review de novo. *See In re Caballero*, 272 S.W.3d 595, 599 (Tex. 2008) (citing *O'Quinn v. State Bar of Tex.*, 763 S.W.2d 397, 399 (Tex. 1988) (instructing that "our disciplinary rules should be treated like statutes")).

The Real Parties—the plaintiffs and third-party defendant FedEx—contend that they are not opposing parties because they have the same litigation strategy and liability theory being espoused by Hayes, their common attorney. But having the same litigation strategy and the same theory of liability is not the test for determining

whether parties are opposing.[4] *Cf. Roseland*, 68 S.W.3d at 787 (stating the meaning of adversity is "broader than being 'on the same side of the suit'").

The comments to Rule 1.06(a) set out the test for whether parties are opposing: "The term 'opposing parties' as used in this Rule contemplates a situation where a judgment favorable to one of the parties will directly impact unfavorably upon the other party." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06 cmt. 2. Rule 1.06(a) applies to parties that are "actually directly adverse," and representing one client is directly adverse to another client when "'the lawyer's … ability or willingness to consider, recommend, or carry out a course of action will be or is reasonably likely to be adversely affected by representing both clients." *In re Halter*, No. 05-98-01164-CV, 1999 WL 667288, at *2 (Tex. App.—Dallas Aug. 27, 1999, orig. proceeding) (not designated for publication) (citing and quoting TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06 cmts. 3, 6). "Adversity is a product of the likelihood of the risk and the seriousness of its consequences." *Godbey*, 924 S.W.2d at 132. "Where there is a small, yet serious risk, it is enough for the parties to be considered 'adverse.'" *Roseland*, 68 S.W.3d at 787. Under traditional third-party practice, a third-party defendant is generally an opposing party to the plaintiff, directly or indirectly, because a third-party defendant is or may be

---

[4] Nor is the test subjective; it necessarily must be objective. Nothing in the disciplinary rules or in relevant case law evinces a test based on the subjective view of the attorney at issue. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06 cmt. 6 ("The dual representation also is directly adverse if the lawyer *reasonably appears to be called upon* to espouse adverse positions in the same matter or a related matter.") (emphasis added); *id.* cmt. 7 ("when *a disinterested lawyer* would conclude that the client should not agree to the representation under the circumstances, the lawyer involved should not ask for such agreement or provide representation on the basis of the client's consent") (emphasis added); *see also* Tex. Comm. on Prof'l Ethics, Op. 500, 58 TEX. B.J. 380 (1995) (applying disinterested-lawyer standard for determining whether lawyer would conclude that client should not agree to dual representation); *Roseland*, 68 S.W.3d at 787-88 (viewing claims and evidence objectively in finding that attorney should be disqualified).

ultimately liable to the plaintiff for all or part of the plaintiff's claim. *See* TEX. R. CIV. P. 38(a). "A third-party action under rule 38, including a claim for contribution, is not an independent action, but is derivative of the plaintiff's claim against the third-party defendant." *Omega Contracting, Inc. v. Torres*, 191 S.W.3d 828, 837 (Tex. App.—Fort Worth 2006, no pet.).

We agree with the Relators that the plaintiffs and third-party defendant FedEx are opposing parties and are "actually directly adverse." *See Halter*, 1999 WL 667288, at *2. In the event that Seven-O or SmithTex is found liable to the plaintiffs and the plaintiffs are entitled to recover damages under section 33.012 of the Civil Practice and Remedies Code, then the jury will apportion the percentage of responsibility for those damages between Seven-O and FedEx and SmithTex and FedEx in a jury question submitted under section 33.016. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.012, 33.016 (Vernon 2008). Irrespective of the fact that both the plaintiffs and FedEx are collectively pointing the liability finger at Seven-O and SmithTex, if the jury finds no liability against Seven-O and SmithTex—an unfavorable result for the plaintiffs—then FedEx obtains a favorable result. But if Seven-O or SmithTex is found liable—a favorable result for the plaintiffs—but Seven-O or SmithTex is successful against FedEx as a contribution defendant under section 33.016, then FedEx will be liable for a portion of the plaintiffs' damages, which is unfavorable to FedEx. Moreover, a greater damage award favors the plaintiffs, but at the same time FedEx's exposure is unfavorably increased. And finally, if the jury finds that the accident was solely caused by the negligence of Elizabeth Pickens, the driver, then the plaintiffs will have no recovery

because they settled with her estate; that result is unfavorable to the plaintiffs but favorable to FedEx because it would have no exposure.

The plaintiffs and FedEx are "actually directly adverse" because Hayes's ability or willingness to consider, recommend, or carry out a course of action will be or is reasonably likely to be adversely affected by representing both clients. *See Halter*, 1999 WL 667288, at *2. He cannot, for example, plead and zealously advocate Elizabeth Pickens's comparative negligence as an affirmative defense for FedEx, nor can he plead and argue for FedEx the inferential rebuttal defensive theory of unavoidable accident with respect to the drivers' obstruction of view.[5] *See Dillard v. Tex. Elec. Coop.,* 157 S.W.3d 429, 433 (Tex. 2006) (stating that unavoidable accident instruction informs jury it may consider causes of occurrence other than negligence of parties, including causes such as obstruction of view); *see, e.g., Harris v. Vazquez,* No. 03-07-00245-CV, 2008 WL 2309179 (Tex. App.—Austin June 5, 2008, no pet.) (jury found no liability on either driver where trial court submitted unavoidable accident instruction because one driver testified his view was obstructed); *see also Bed, Bath & Beyond, Inc. v. Urista,* 211 S.W.3d 753, 756 (Tex. 2006) ("The truth is, sometimes accidents are no one's fault, and an unavoidable accident instruction … simply explains to the jury that they are not required to find someone at fault.").

The trial court erred in its legal determination that the plaintiffs and FedEx are

---

[5] Additionally problematic, according to the Relators, is that if FedEx is designated as a responsible third party, Kate Massey, who was not a plaintiff when FedEx was dismissed with prejudice, may assert a claim against it. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(e) (Vernon 2008). In that situation, which is not before us and thus not a basis for our decision, Hayes would be in the untenable position of advising one client on whether to sue another client in the same suit.

not opposing parties. They are opposing parties under Rule 1.06(a), and they are "actually directly adverse." *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06(a) & cmt. 2; *Halter,* 1999 WL 667288, at *2.

## Common-Law Considerations

Relators also emphasize common-law considerations that apply to Hayes's dual representation of the plaintiffs and third-party defendants in the context of a jury trial of a multi-party lawsuit. Those considerations include:

- The appearance of impropriety (*In re Hoar Constr., L.L.C.,* 256 S.W.3d 790, 798 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding)).

- The integrity of legal proceedings and fairness in the administration of justice (*In re Epic Holdings, Inc.,* 985 S.W.2d 41, 52 (Tex. 1998) (orig. proceeding); *United Pac. Ins. Co. v. Zardenetta,* 661 S.W.2d 244, 248 (Tex. App.—San Antonio 1983, orig. proceeding)).[6]

- The pernicious effects of now-unlawful Mary Carter agreements, such as skewing the trial process,[7] misleading the jury, promoting collusion among nominal adversaries, and creating the likelihood that a less culpable defendant will be hit with the full judgment (*Elbaor v. Smith,* 845 S.W.2d 240, 249-50 (Tex.

---

[6] While not a disqualification case and factually dissimilar, a 1966 opinion highlights the fundamental problem with dual representation of opposing parties:

> To require or even to permit an attorney or a firm of attorneys in open court, before a jury, to undertake the representation of defendants having a conflicting interest is error, regardless of how or who is responsible for this situation.
>
> To have an attorney standing in open court before a jury and the public, who have a right to be present, attempting to represent conflicting interests creates a situation which should never occur under our adversary system of trying cases. Such a situation discredits the legal profession, and lowers the dignity of the court. It should never be permitted, even if agreeable to the adverse parties. Such a trial would be fundamentally wrong and against the policy of the law.

*J.W. Hill & Sons, Inc. v. Wilson,* 399 S.W.2d 152, 154 (Tex. Civ. App.—San Antonio 1966, writ ref'd n.r.e.) (citations omitted).

[7] Hayes's dual representation of the plaintiffs and the third-party defendants evokes Justice Spears's earlier concern about the distortion caused by Mary Carter agreements: "Jurors, unfamiliar with court proceedings, come to court expecting to see a contest between the plaintiff and the defendants, but instead see one of the defendants cooperating with the plaintiff or standing mute." *Scurlock Oil Co. v. Smithwick,* 724 S.W.2d 1, 9 (Tex. 1986) (Spears, J., concurring).

1992)).

These considerations are "compelling reasons" that further warrant Hayes's disqualification in the underlying case. *See Keller Indus., Inc. v. Blanton,* 804 S.W.2d 182, 185 (Tex. App.—Houston [14th Dist.] 1991, orig. proceeding).

## Conclusion

We conditionally grant the petitions for writ of mandamus. The writs will issue only if Respondent fails to advise this Court in writing within fourteen days after the date of this opinion that he has vacated his May 27, 2009 order denying the motions to disqualify Hayes and has entered an order granting the motions to disqualify Hayes. Our stay of the underlying proceedings is lifted upon the trial court's entry of the order disqualifying Hayes.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Petitions conditionally granted
Opinion delivered and filed August 12, 2009
[OT06]