In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00479-CV
_____


IN RE ACE REAL PROPERTY INVESTMENTS, LP

_____

Original Proceeding
284th District Court of Montgomery County, Texas
Trial Cause No. 16-12-14842
_____

MEMORANDUM OPINION

Relator Ace Real Property Investments, LP ("Ace") filed a petition for writ of

mandamus, in which Ace asks this Court to compel the trial judge to vacate her order

disqualifying Ace's counsel of choice from representing any party to the underlying

lawsuit. We conditionally grant the petition for writ of mandamus.

BACKGROUND

Ace filed the underlying lawsuit against Cedar Knob Investments, LLC,

("Cedar Knob") and other parties. Ace's counsel was Stephen Walker. According to

Ace's original petition, the lawsuit stemmed from Ace's purchase of commercial

1

real estate from Cedar Knob. Ace alleged that Cedar Knob intentionally or negligently provided Ace with false or misleading information regarding the commercial tenants in the property, their lease payments, and the monthly expenses to operate the property. Ace pleaded causes of action for breach of contract, common law fraud, fraud by nondisclosure, statutory fraud, negligence, negligent misrepresentation, gross negligence, and violations of the Texas Real Estate Licensing Act. Cedar Knob sued Home Run Realty—Commercial & Residential, Inc. ("Home Run") as a third-party defendant, asserting that because Home Run had served as Ace's broker regarding the sale, Home Run contributed to Ace's alleged damages. Ace's attorney, Stephen Walker, filed an answer on behalf of Home Run.

Cedar Knob filed a motion to disqualify Walker and his law firm, as well as Walker's co-counsel, Scott Brazil, from representing any party to the lawsuit. In the motion, Cedar Knob argued that Ace and Home Run are opposing parties, and that "their conflicted representation prevents a fair resolution of this case and creates the appearance of impropriety in these proceedings." According to Cedar Knob, the dual representation constitutes a clear conflict of interest that cannot be waived. To support its argument in the trial court, as well as on appeal, Cedar Knob relies upon *In re Seven-O Corporation. See In re Seven-O Corp.*, 289 S.W.3d 384, 390 (Tex. App.—Waco 2009, orig. proceeding) (holding that a third-party defendant is

2

generally an opposing party to the plaintiff). After Cedar Knob filed its motion to disqualify, Home Run filed a motion to substitute counsel, which the trial court granted after conducting a hearing. At said hearing, Walker explained that approximately six days after Ace and Home Run consented to Walker filing an answer on behalf of Home Run, Walker filed a motion to substitute counsel. Walker stated that he never intended to represent Home Run in the case, but simply filed an answer to protect the owner of the company.

Ace filed a response to the motion to disqualify, in which Ace asserted that (1) Walker's brief representation of Home Run concurrently with Ace did not violate any Texas Disciplinary Rule of Professional Conduct; (2) Texas law does not mandate disqualification of Walker, his law firm, and his co-counsel; (3) any temporary conflict was promptly cured; (4) Ace and Home Run consented to the representation, and neither's rights were compromised; (5) Cedar Knob lacks standing; (6) *Seven-O* is distinguishable; and any potential conflict has been remedied and is moot. Attached to Ace's response were affidavits of representatives of Ace and Home Run, in which the representatives stated that they consented to Walker filing an answer on behalf of Home Run while also representing Ace.

Cedar Knob filed a reply to Ace's response, in which Cedar Knob asserted, among other things, that the attorneys' and law firms' representation of Home Run

had become evident before Walker answered on behalf of Home Run. According to Cedar Knob, the "dual representation became obvious during the July 26, 2017 mediation." According to Cedar Knob, Ace and Home Run cannot waive the conflicted representation, and their alleged consent is invalid. Cedar Knob also argued that counsel's withdrawal "does not remove the stain of impropriety" caused by the attorneys' continued presence in the lawsuit.

The trial court conducted a hearing on the motion to disqualify. At the hearing, Cedar Knob's counsel argued that Ace's counsel violated Rule 1.06 of the disciplinary rules by simultaneously representing Ace and Home Run, and that Walker's "participation going forward in this case is going to unfairly skew the outcome of the trial." Cedar Knob argued that *Seven-O* "makes it very clear that a plaintiff and a third-party defendant in a lawsuit are adverse and that simultaneous representation is a violation of Rule 1.06 and . . . disqualification is mandated." In addition, Cedar Knob contended that Ace and Home Run's consent is invalid because counsel did not disclose the nature of the conflict. Cedar Knob's counsel stated:

> [T]hey claim that there has to be prejudice and we haven't proved that and that even if there is prejudice, their withdrawal cured it. . . . We believe it's still unfair to have them in the lawsuit. It's clear, based on their response, that they feel like their interests are aligned with the third-party defendants. We still feel like they are biased. . . .[W]e have to tell our client that . . . we're going to have a fair trial. And, Judge, we

4

can't say that going forward if plaintiff's counsel remains in this lawsuit. We can't say that we're going to have a fair trial.

After taking the matter under advisement, the judge signed an order granting the motion to disqualify Walker, his law firm, Brazil, and Brazil's law firm. Ace then filed the instant petition for writ of mandamus with this Court.

ANALYSIS

To be entitled to mandamus relief, the relator must establish that the trial court committed a clear abuse of discretion and that no adequate remedy by appeal is available. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker*, 827 S.W.2d at 840. "Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id.* "Mandamus is appropriate to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal." *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004).

Because disqualifying a party's attorney results in the party losing its counsel of choice, courts generally review disqualification as a severe remedy, especially

5

when disqualification is based on an attorney's alleged conflict of interest. *See In re Dalco*, 186 S.W.3d 660, 667-68 (Tex. App.—Beaumont 2006, orig. proceeding [mand. denied]). "If the claimed conflict relies merely on allegations of unethical conduct or on evidence showing only a remote possibility that a lawyer has violated a disciplinary rule or ethical rule, courts generally require that a party that files the motion to disqualify to produce evidence demonstrating that the moving party will be actually prejudiced by a decision denying the motion." *In the Interest of N.P.H.*, No. 09-15-00010-CV, 2016 WL 5234599, at *8 (Tex. App.—Beaumont Sept. 22, 2016, no pet.) (mem. op.) (citing *In re Dalco*, 186 S.W.3d at 667-68). "Even if a lawyer violates a disciplinary rule, the party requesting disqualification must demonstrate that the opposing lawyer's conduct caused actual prejudice that requires disqualification." *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002).

Rule 1.06 of the Texas Rules of Professional Conduct provides as follows, in pertinent part:

(a) A lawyer shall not represent opposing parties to the same litigation.

(b)  In other situations and except to the extent permitted by paragraph (c), a lawyer shall not represent a person if the representation of that person:

(1) involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer's firm; or

6

(2) reasonably appears to be or become adversely limited by the lawyer's or law firm's responsibilities to another client or to a third person or by the lawyer's or law firm's own interests.

Tex. Disciplinary Rules Prof'l Conduct R. 1.06(a), (b), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2013) (Tex. State Bar R. art. X, § 9). Assuming without deciding that counsel for Ace violated Rule 1.06 of the Texas Rules of Professional Conduct, Cedar Knob neither alleged nor demonstrated any actual prejudice that requires disqualification; rather, Cedar Knob merely made the general and speculative allegation that counsel's dual representation would prevent a fair resolution of the case and would create the appearance of impropriety. *See In re Nitla S.A. de C.V.*, 92 S.W.3d at 422. When the trial court granted the motion to disqualify, the court had already permitted Home Run to retain new counsel of record; therefore, Ace's counsel was no longer representing opposing parties. The trial court abused its discretion by granting Cedar Knob's motion to disqualify. *See id*; *see also Walker*, 827 S.W.2d at 840. We conditionally grant Ace's petition for writ of mandamus and direct the trial court to vacate its order granting Cedar Knob's motion to disqualify. The writ of mandamus will issue only if the trial court fails to comply within a reasonable time.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

7

Submitted on January 8, 2018
Opinion Delivered February 15, 2018

Before McKeithen, C.J., Horton and Johnson, JJ.