In re ROSELAND OIL & GAS, INC.; Margaret Vandever; and William Vandever

No. 11–00–00400–CV.

Court of Appeals of Texas, Eastland.

Oct. 11, 2001.

John C. Nabors, James P. Reid, Gardere Wynne Sewell, L.L.P., Margaret Vandever, pro se, Joseph Mastrogiovanni, Jr., Mastrogiovanni, Schorsch & Mersky, Ronald R. Payne, Dallas, for relator.

George S. Henry, Paul R. Clevenger, Dallas, John P. Ritchie, Mineral Wells, Jerry D. Ray, San Antonio, for respondent.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## Opinion

WRIGHT, Justice.

This is an original proceeding in mandamus. We conditionally grant relief.

Roseland Oil & Gas, Inc. (Roseland) initially brought suit against Regal Petroleum Services, Inc., Larry G. Bradford, William G. Vandever, Margaret Vandever, Richard Ganders, and Clifton H. Kees regarding an oil and gas lease in Palo Pinto County, Texas. At the outset of this case, all of the defendants were represented by the same attorney, George S. Henry. John Ritchie served as local counsel and appeared on behalf of all of the defendants.

During the course of pretrial, William's deposition was taken by Roseland. Later, Henry and Ritchie filed a motion to withdraw as counsel and withdrew as counsel for the Vandevers after an agreed order was signed on July 31, 2000. Henry and Ritchie continued their representation of all of the other defendants. Counsel for Roseland requested that Henry withdraw from representing the remaining defendants, but Henry refused. Upon Henry's refusal, relators filed a joint motion to disqualify Henry and members of his law firm, as well as Ritchie, from representing the remaining defendants. The trial court denied the motion, and a mandamus proceeding was filed. While the mandamus proceeding was also pending, there was a change in the sitting judge in Palo Pinto County. Because mandamus is personal to the judge, we abated the proceeding until the new sitting judge had the opportunity to rule upon the motion for disqualification. See *State v. Olsen*, 163 Tex. 449, 360 S.W.2d 402, 403 (1962)(orig.proceeding); see also *Jampole v. Touchy*, 673 S.W.2d 569, 572 (Tex.1984)(orig.proceeding). The new sitting judge also denied the motion, and Roseland amended its petition. We now consider the merits of Roseland's arguments.

■■■ Mandamus will issue where there is an abuse of discretion in the trial court which cannot be adequately remedied by appeal. See *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex.1992)(Baker, J., dissenting)(orig.proceeding). In order to obtain mandamus relief, the relators must show that the trial court's refusal to disqualify Henry and Ritchie was such an abuse of discretion. The trial court abuses its discretion when "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985).

■■■ The Texas Disciplinary Rules of Professional Conduct serve as guidelines for the courts when considering motions for disqualification. See TEX. DISCIPLINARY R. OF PROF'L CONDUCT preamble ¶ 15, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998)(TEX. STATE BAR R. art. X, § 9). Mandamus is an appropriate vehicle by which to review motions to disqualify. See, e.g., *National Medical Enterprises, Inc. v. Godbey*, 924 S.W.2d 123, 133 (Tex.1996)(orig.proceeding).

■■■ Conflicts of interest between an attorney and a former client are grounds which can result in the disqualification of a lawyer in a particular matter. See TEX. DISCIPLINARY R. OF PROF'L CONDUCT 1.09, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998)(TEX. STATE BAR R. art. X, § 9). Rule 1.09 provides in relevant part:

(a) Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client:

(2) if the representation in reasonable probability will involve a violation of Rule 1.05; or

(3) if it is the same or a substantially related matter.

The meaning of adversity in the context of Rule 1.09(a) is broader than being "on the same side of the suit" as Henry claims. The Texas Supreme Court has stated that "[a]dversity is a product of the likelihood of the risk and the seriousness of its consequences." *National Medical Enterprises, Inc. v. Godbey,* supra at 132 (considering "adverse" in context of the definition of "directly adverse" contained in TEX. DISCIPLINARY R. OF PROF'L CONDUCT 1.06 cmt. 6). The definition of adversity endorsed by the Texas Supreme Court has nothing to do with sides in a lawsuit, as urged by the real parties in interest. Where there is a small, yet serious risk, it is enough for the parties to be considered "adverse." See *National Medical Enterprises, Inc. v. Godbey,* supra at 132.

■ Here, the Vandevers are exposed to serious risk. Henry accuses William of "fabrication," and the potential criminal liability of William is addressed in documents filed by Henry. Although William is no longer a party to this case, the potential threat of criminal liability is a possibility. The Vandevers also bear the risk that other statements made in confidence to their former attorney will be used against them in this proceeding. Margaret, William's wife, remains involved in this lawsuit; and confidential statements may influence Henry's handling of the case, be it intentional or inadvertent. Henry has noticed her deposition, and Margaret is also likely to testify at trial. The information Henry gained as former counsel to the Vandevers would allow him a heightened insight which would give him an unfair advantage in examining Margaret. This insight from Henry's prior access to confidential information would place Margaret at an unfair disadvantage. These risks make the pending matter adverse to the Vandevers.

In addition to adversity, the court must find a "reasonable probability" that a confidentiality-of-information violation will occur or that the case is the "same or a substantially related matter." TEX. DISCIPLINARY R. OF PROF'L CONDUCT 1.09(a)(2) & (3).

It is impermissible for an attorney to "knowingly...[u]se confidential information of a former client to the disadvantage of the former client after the representation is concluded" or "[u]se privileged information of a client for the advantage of [another]." TEX. DISCIPLINARY R. OF PROF'L CONDUCT 1.05(b)(3) & (4), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998)(TEX. STATE BAR R. art. X, § 9). Disqualification of an attorney need only be based on a "reasonable probability" of a violation of confidentiality in the attorney-client relationship. TEX. DISCIPLINARY R. OF PROF'L CONDUCT 1.09(a)(2). Some examples of a "reasonable probability" are: (1) "an unauthorized disclosure of confidential information" obtained from a client or former client or (2) the inappropriate use of confidential information to the detriment of a former client. TEX. DISCIPLINARY R. OF PROF'L CONDUCT 1.09(a)(2) & cmt. 4; see also TEX. DISCIPLINARY R. OF PROF'L CONDUCT 1.05(b)(1) & (3), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998)(TEX. STATE BAR R. art. X, § 9).

■ In a case where multiple defendants are involved, it is not unrealistic that there will be attempts to shift responsibility or blame to another defendant. See *Wasserman v. Black,* 910 S.W.2d 564, 568 (Tex.App.—Waco 1995, no writ)(Thomas,

C.J., dissenting)(orig. proceeding). Here, all the defendants other than the Vandevers are still represented by Henry. This puts Henry in a precarious position in which he may be forced to make the choice between zealously representing his clients and maintaining the confidentiality of information received from his former clients the Vandevers. See *Wasserman v. Black, supra* at 568; see also *NCNB Texas National Bank v. Coker,* 765 S.W.2d 398, 400 (Tex.1989)(orig. proceeding). Clients, current and former, have a reasonable expectation that the information provided to an attorney in a professional setting is confidential in nature. See TEX. DISCIPLINARY R. OF PROF'L CONDUCT 1.05 cmt. 1, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998)(TEX. STATE BAR R. art. X, § 9). The fact that Henry may be placed in this position undermines the confidentiality of the attorney-client relationship, and he is disqualified from representing any defendant in this case.

 An attorney is also disqualified from the representation of any other party in the "same or a substantially related matter" if that matter involves a former client. TEX. DISCIPLINARY R. OF PROF'L CONDUCT 1.09(a)(3). The "same" matter generally prohibits an attorney from switching sides in a lawsuit and representing another whose interests are in conflict with those of the former client. TEX. DISCIPLINARY R. OF PROF'L CONDUCT 1.09 cmt. 4A. Here, Henry is still technically on the same side of the counsel table; but, nonetheless, the interests of his current clients are in conflict with those of his former clients, the Vandevers. As codefendants, all will be trying to shift liability to another defendant; and, thus, the interests of Henry's current clients are detrimental to those of the Vandevers.

Additionally, in a "substantially similar matter" an attorney is prohibited from using confidential information that could have been obtained from a former client, either to the detriment of the former client or the advantage of another. TEX. DISCIPLINARY R. OF PROF'L CONDUCT 1.09(a)(3) & cmt. 4B. Once again, this would place Henry in the awkward position of representing his current clients to the best of his ability or maintaining the confidences of a former client. See *Wasserman v. Black, supra* at 568; see also *NCNB Texas National Bank v. Coker, supra* at 400.

The amended petition for writ of mandamus is conditionally granted. In the event that the trial court does not vacate its July 18, 2001, order and enter an order granting the motion to disqualify, writ of mandamus shall issue.