NO. 07-08-0037-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 29, 2008
                                       ______________________________

THE STATE OF TEXAS FOR THE PROTECTION
OF KATHLEEN TRIGGS
_________________________________

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A35742-00711; HONORABLE ROBERT W. KINKAID, JR., JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Appellant Douglas E. Triggs, acting pro se, filed a notice of appeal on January 11,
2008. On appeal, he did not pay the filing fee required under the Rules of Appellate
Procedure. Nor did he file an affidavit of indigence in conformity with Rule of Appellate
Procedure 20.1. By letter from this Court dated January 14, 2008, we advised appellant
that “the filing fee in the amount of $175.00 has not been paid. Failure to pay the filing fee
within ten (10) days from the date of this notice may result in a dismissal.” Tex. R. App. P.
42.3(c). Appellant has not paid the fee as directed or filed an affidavit of indigence. 
 
          Accordingly, we dismiss the appeal. See Tex. R. App. P. 5, 42.3(c). 
 
                                                                Mackey K. Hancock

                                                                        Justice 














: justify; line-height: 0.416667in; margin-bottom: 0.104167in">          A writ of mandamus is an order directed personally to the respondent. In re
Roseland Oil & Gas, Inc., 68 S.W.3d 784, 786 (Tex.App.–Eastland 2001, orig. proceeding)
(“[m]andamus is personal to the judge”). Accordingly, “[m]andamus will not issue against
a new judge for what a former one did.” In re Baylor Med. Ctr. at Garland, No. 06-0491,
2008 WL 3991132, at *1(Tex. Aug. 29, 2008) (orig. proceeding) (citing State v. Olsen, 163
Tex. 449, 360 S.W.2d 402, 403 (1962) (orig. proceeding)). Rule 7 of the Texas Rules of
Appellate Procedure pertains to the substitution of parties in pending appeals and original
proceedings. Tex. R. App. P. 7. In part, Rule 7 provides that during an original proceeding
against a public officer in an official capacity, if the officer ceases to hold office, the officer’s
successor is automatically substituted as a party and “the court must abate the proceeding
to allow the successor to reconsider the original party’s decision.” See Tex. R. App. P.
7.2(a) and (b). See also In re Whitfield, 134 S.W.3d 314, 315 (Tex.App.–Waco 2003, orig.
proceeding).
          Accordingly, we order the substitution of Judge Woodburn as Respondent in this
original proceeding, see Tex. R. App. P. 7(a), and abate the case for sixty days from the
date of this order. During the period of abatement, Relator shall present to Judge
Woodburn the requests made the subject of his pending petition for writ of mandamus,
obtain a ruling on each, and amend his petition to comply with Rule 53.2 of the Texas
Rules of Appellate Procedure.


 
          It is so ordered.
     Per Curiam