NO. 07-08-0370-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 3, 2008

______________________________

IN RE COREY SOLIS, RELATOR

_________________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ORDER OF ABATEMENT

On September 26, 2008, relator Corey Solis filed a petition for a writ of mandamus, challenging rulings of the respondent trial court judge, the Honorable Paula Lanehart, Judge of the Lubbock County Court at Law Number Three.  On our own motion, we take judicial notice that Judge Lanehart resigned her judicial position, effective September 30, 2008, and the commissioners court has appointed the Honorable Judy Parker her successor.
(footnote: 1)  

A writ of mandamus is an order directed personally to the respondent.  
In re Roseland Oil & Gas, Inc., 
68 S.W.3d 784, 786 (Tex.App.–Eastland 2001, orig. proceeding) (“[m]andamus is personal to the judge”).  Accordingly, 
“[m]andamus will not issue against a new judge for what a former one did.”  
In re Baylor Med. Ctr. at Garland, 
No. 06-0491, 2008 WL 3991132, *1, 2008 Tex. Lexis 762, *1 (Tex. August 29, 2008) (orig. proceeding) (
citing
 
State v. Olsen, 
163 Tex. 449, 360 S.W.2d 402, 403 (1962)
 (orig. proceeding))
.  
Appellate Rule 7 pertains to the substitution of parties in pending appeals and original proceedings.  Tex. R. App. P. 7.  In part, Rule 7 provides that during an original proceeding against a public officer in an official capacity, if the officer ceases to hold office, the officer’s successor is automatically substituted as a party and “the court must abate the proceeding to allow the successor to reconsider the original party’s decision.”  Tex. R. App. P. 7.2(a)(b); 
see In re Whitfield, 
134 S.W.3d 314, 315 (Tex.App.–Waco 2003, orig. proceeding).

Accordingly, we order the substitution of Judge Parker as respondent in this original proceeding, 
see
 Tex. R. App. P. 7(a), and abate the case for 60 days from the date of this order.  During the period of abatement, relator shall present to Judge Parker each issue made the subject of her pending petition for writ of mandamus; obtain a ruling on each; and amend her petition and appendix in this Court accordingly.
(footnote: 2) 

It is so ordered.

Per Curiam

FOOTNOTES
1: A court of appeals may take judicial notice of a fact even though the fact was not judicially noticed by the trial court.  
Office of Pub. Util. Counsel v. Pub. Util. Comm'n of Texas, 
878 S.W.2d 598, 600 (Tex. 1994); Tex. R. Evid. 201.  The facts noticed, that Judge Lanehart has resigned as county court at law judge and has been replaced by Judge Parker, are not subject to reasonable dispute.  
See City of Houston v. Todd, 
41 S.W.3d 289, 301 (Tex.App.–Houston [1st Dist.] 2001 pet. denied) (judicial notice appropriate for facts that are, inter alia, well-known or easily ascertainable); Tex. R. Evid. 201(b)(1).

2:  The Court expresses no opinion on the availability of relief by mandamus on this record or the merits of relator’s petition.  Relator is reminded of changes in the rules of appellate procedure effective September 1.  In particular, these include rule 52.3(g) & (j).