NO. 07-10-00517-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 13, 2011

IN RE PASCAL MORGAN, RELATOR

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appearing *pro se,* relator Pascal Morgan has filed a petition for writ of mandamus seeking an order directing the Honorable Pat Boone, Jr., to rule on a "motion to set aside and vacate a void judgment." According to relator, seventy-five days have passed without judicial determination of the motion. We will deny the petition.

A relator seeking relief by mandamus must show that the trial court clearly abused its discretion, and the relator has no adequate remedy by appeal. *In re Sw. Bell Tel. Co.,* 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)). Before mandamus relief may issue, the relator must establish that the trial court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so. *O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Chavez,* 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding).

Relator is not entitled to relief by mandamus for several reasons. First, his petition omits the certification required by Rule of Appellate Procedure 52.3(j).[1]

Second, relator identifies the respondent of his petition as "the Honorable Pat Boone, Jr., presiding Judge of the 154th Court of Lamb County, Texas." We take judicial notice that Judge Boone is deceased and the Honorable Felix Klein is judge of that court. Mandamus is directed specifically to an individual judicial officer. It is not directed to a judge simply because he or she occupies the office formerly held by the judge of whom a relator complains. *See In re Roseland Oil & Gas, Inc.,* 68 S.W.3d 784, 786 (Tex.App.--Eastland 2001, orig. proceeding) ("[m]andamus is personal to the judge"). In other words, "[a] writ of mandamus will not lie against a successor judge in the absence of a refusal by him to grant the relief Relator seeks." *State v. Olsen,* 163 Tex. 449, 360 S.W.2d 402, 403 (1962) (orig. proceeding). The record relator presents does not include any evidence that at a time Judge Boone presided over the 154th Judicial District Court relator demanded of him a ruling on his motion and Judge Boone failed or refused to act. Thus, the present proceeding is not a case subject to the abatement procedure of Rule of Appellate Procedure 7.2.[2] Because relator has failed to name the proper respondent, his petition must be denied.

---

[1] Relator attaches an inmate declaration to his petition but omits the required certification of Rule of Appellate Procedure 52.3(j) that he reviewed the petition "and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." Tex. R. App. P. 52.3(j).

[2] A writ of mandamus will not issue against the new judge of a court for the action of a former judge. Rather Rule of Appellate procedure 7.2 requires abatement of a pending original proceeding so that the successor judge may consider the complained-of order of his or her predecessor. Tex. R. App. P. 7.2; *In re Baylor Medical*

Third, even had relator named the proper respondent, mandamus relief could not issue. The appendix filed by relator contains his motion and a transmittal letter to the district clerk. Neither the motion nor the letter bear any indication they were received and filed by the district clerk. Importantly, missing from the mandamus record is any proof the motion was called to the attention of the presiding judge. A court has no duty to consider a motion not called to its attention. *Metzger v. Sebek,* 892 S.W.2d 20, 49 (Tex.App.--Houston [1st Dist.] 1994, writ denied). Merely filing a motion with the district clerk does not prove it was brought to the attention of the trial court because the clerk's knowledge of the motion is not imputed to the trial court. *In re Chavez,* 62 S.W.3d at 228. Therefore, a "[relator] must prove that the trial court received notice of the pleading . . . . Merely alleging that something was filed with or mailed to the district clerk does not satisfy that requirement." *In re Metoyer,* No. 07-07-0506-CR, 2008 Tex. App. Lexis 243, at *4 n.2, (Tex.App.--Amarillo January 14, 2008, orig. proceeding) (mem. op.) (not designated for publication) (citations omitted). The rationale underlying this precept is apparent. "[A] court cannot be faulted for doing nothing when it is or was unaware of the need to act." *In re Metoyer,* 2008 Tex. App. Lexis 243, at *3. Relator's petition fails for want of proof that his motion was brought to the attention of the trial court and it failed or refused to act. *See In re Posey,* No. 07-03-0518-CV, 2004 Tex. App. Lexis 695, at *2-*3 (Tex.App.--Amarillo January 22, 2004, orig. proceeding) (mem. op.).

---

*Center at Garland,* 280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding). Here, since the motion was not presented to Judge Boone, there is nothing for Judge Klein to reconsider.

3

Based on the foregoing analysis, we deny relator's petition for writ of mandamus.


James T. Campbell
Justice