NO. 07-10-00517-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JANUARY
13, 2011

 



 

IN RE PASCAL MORGAN, RELATOR



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appearing pro se, relator Pascal Morgan has filed a
petition for writ of mandamus seeking an order directing the Honorable Pat
Boone, Jr., to rule on a “motion to set aside and vacate a void judgment.”  According to relator,
seventy-five days have passed without judicial determination of the
motion.  We will deny the petition.

A relator
seeking relief by mandamus must show that the trial court clearly abused its
discretion, and the relator has no adequate remedy by
appeal.  In re Sw. Bell Tel. Co., 226 S.W.3d 400, 403 (Tex. 2007) (orig.
proceeding) (citing In re Prudential Ins.
Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)).  Before mandamus relief may issue, the relator must establish that the trial court 1) had a legal
duty to perform a non-discretionary act, 2) was asked to perform the act, and
3) failed or refused to do so.  O’Connor v. First Court of Appeals, 837 S.W.2d 94,
97 (Tex. 1992) (orig. proceeding); In re
Chavez, 62 S.W.3d 225, 228 (Tex.App.--Amarillo
2001, orig. proceeding).

Relator is not entitled to relief by
mandamus for several reasons.  First, his
petition omits the certification required by Rule of Appellate Procedure
52.3(j).[1]  

Second, relator
identifies the respondent of his petition as “the Honorable Pat Boone, Jr.,
presiding Judge of the 154th Court of Lamb County, Texas.”  We take judicial notice that Judge Boone is
deceased and the Honorable Felix Klein is judge of that court.  Mandamus is directed specifically to an
individual judicial officer.  It is not
directed to a judge simply because he or she occupies the office formerly held
by the judge of whom a relator complains.  See In
re Roseland Oil & Gas, Inc., 68 S.W.3d 784, 786 (Tex.App.--Eastland
2001, orig. proceeding) (“[m]andamus is personal to
the judge”).  In other words, “[a] writ
of mandamus will not lie against a successor judge in the absence of a refusal
by him to grant the relief Relator seeks.”  State
v. Olsen, 163 Tex. 449, 360 S.W.2d 402, 403 (1962) (orig. proceeding).  The record relator
presents does not include any evidence that at a time Judge Boone presided over
the 154th Judicial District Court relator demanded of
him a ruling on his motion and Judge Boone failed or refused to act.  Thus, the present proceeding is not a case
subject to the abatement procedure of Rule of Appellate Procedure 7.2.[2]  Because relator has
failed to name the proper respondent, his petition must be denied.

Third, even had relator
named the proper respondent, mandamus relief could not issue.  The appendix filed by relator
contains his motion and a transmittal letter to the district clerk.  Neither the motion nor the letter
bear any indication they were received and filed by the district
clerk.  Importantly, missing from the
mandamus record is any proof the motion was called to the attention of the
presiding judge.  A court has no duty to
consider a motion not called to its attention. 
Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex.App.--Houston
[1st Dist.] 1994, writ denied). 
Merely filing a motion with the district clerk does not prove it was
brought to the attention of the trial court because the clerk’s knowledge of
the motion is not imputed to the trial court. 
In re Chavez,
62 S.W.3d at 228.  Therefore, a “[relator] must prove that the trial court received notice of
the pleading . . . . Merely alleging that something was filed with or mailed to
the district clerk does not satisfy that requirement.”  In re Metoyer, No. 07-07-0506-CR, 2008 Tex. App. Lexis 243,
at *4 n.2, (Tex.App.--Amarillo January 14, 2008,
orig. proceeding) (mem. op.) (not
designated for publication) (citations omitted).  The rationale underlying  this precept is apparent.  “[A] court cannot be faulted for doing
nothing when it is or was unaware of the need to act.”  In re Metoyer, 2008 Tex. App. Lexis 243,
at *3.  Relator’s
petition fails for want of proof that his motion was brought to the attention
of the trial court and it failed or refused to act.  See In
re Posey, No. 07-03-0518-CV, 2004 Tex. App. Lexis 695, at *2-*3 (Tex.App.--Amarillo January 22, 2004, orig. proceeding) (mem. op.).

Based on the foregoing analysis, we
deny relator’s petition for writ of mandamus. 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 








 











[1] Relator attaches an inmate
declaration to his petition but omits the required certification of Rule of
Appellate Procedure 52.3(j) that he reviewed the petition “and concluded that
every factual statement in the petition is supported by competent evidence
included in the appendix or record.”  Tex. R. App. P. 52.3(j).

 





[2]  A writ of
mandamus will not issue against the new judge of a court for the action of a
former judge.  Rather Rule of Appellate
procedure 7.2 requires abatement of a pending original proceeding so that the
successor judge may consider the complained-of order of his or her predecessor.
 Tex. R. App. P. 7.2; In re Baylor Medical Center at Garland,
280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding).  Here, since the motion was not presented to
Judge Boone, there is nothing for Judge Klein to reconsider.