

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00195-CR

IN RE R. WAYNE JOHNSON, RELATOR

ORIGINAL PROCEEDING

June 2, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Relator R. Wayne Johnson is a prison inmate appearing *pro se*. In this original proceeding, he asks that we issue a writ of mandamus against respondent, the Honorable Arthur Ware, Potter County Judge. According to relator's petition, on January 28, 2015, he mailed a petition for writ of habeas corpus to Judge Ware concerning relator's continuing complaint[1] that the Texas Department of Criminal Justice has wrongfully stripped him of good conduct time.[2]

---

[1] *See In re Johnson,* No. 07-15-00183-CR, 2015 Tex. App. LEXIS 4525 (Tex. App.—Amarillo Apr. 30, 2015, orig. proceeding) (per curiam, mem. op., not designated for publication).

[2] How a constitutional county court could play any part in a post-conviction proceeding affecting relator's sentence after a final felony conviction is a question we do not address.

Because relator seeks to alter his sentence by habeas corpus following a final felony conviction, we lack jurisdiction. *See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.,* 910 S.W.2d 481, 483-84 (Tex. Crim. App. 1995) (explaining that court of criminal appeals has exclusive jurisdiction over habeas relief from final felony convictions); *cf. Vargas v. Tex. Dep't of Crim. Justice,* No. 03-12-00119-CV, 2012 Tex. App. LEXIS 9916, at *8 (Tex. App.—Austin Nov. 30, 2012, no pet.) (mem. op.) ("state inmates must use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement" (internal quotation marks and citation omitted)).

Even were this proceeding within our jurisdiction,[3] relator is not entitled to relief. We take judicial notice that Judge Ware did not stand for re-election in 2014 and was not the Potter County Judge on January 28, 2015. Mandamus is directed specifically to an individual judicial officer. *See In re Roseland Oil & Gas, Inc.,* 68 S.W.3d 784, 786 (Tex. App.—Eastland 2001, orig. proceeding) ("[m]andamus is personal to the judge"). Nor is there proof that relator submitted his demand to Judge Ware's successor in office. *See In re Peterson,* No. 09-13-00336-CR, 2013 Tex. App. LEXIS 10887 (Tex. App.—Beaumont Aug. 28, 2013, orig. proceeding) (per curiam, mem. op., not

---

[3] Whether relator's petition is actually "pending" is not shown. Relator alleges he sent his petition directly to Judge Ware but whether it was received and filed is not shown. *Cf. Padieu v. Court of Appeals of Tex., Fifth Dist.,* 392 S.W.3d 115, 118 (Tex. Crim. App. 2013) (orig. proceeding) (per curiam) ("when there is no pending application for habeas corpus filed under Article 11.07 of the Code of Criminal Procedure, the appellate court is not without jurisdiction to rule on mandamus petitions relating to a motion requesting access to material that could be used in a future habeas application").

designated for publication) (denying mandamus relief in part because relator failed to show he requested relief from judge currently presiding over trial court).

We dismiss relator's petition.

Per Curiam

Do not publish.