InPatient Facility: 571.003 HSC...
(Resid. Care Facility: 59.003 HSC..

46B.003 Incomp: Presumptions: if:

1) suff present Ability to consult w/ atty,
w/- reasonable degree of RATIONAL understanding

* (OR):

2) rational Awareness Facts - understand
of proceedings - Against him/her -

b) present comp

This document contains some
pages that are of poor quality
at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 19 2015

Abel Acosta, Clerk
13,481-26

46B. 004: "party By motion - suggests
(C) MAY Be incompetent - court SHALL
determine at 'informal inquiry whet-
her there exists some evidence from
ANY source to support Finding one
Be Incompetent:."
     from ANY 'credible source defend-
Ant may Be INcompetent.."
     46B. 021 (Experts) . (46B. 001 - Dept
                    StH. SERV)

**\* Attorneys : Disciplinary : Due Process \***

1) Ex Parte: R Wayne Johnson: 2014 Tx App LEXIS-11746: "Restraint on Liberty (Loss of good-Time) is a CRIMINAL-LAW matter Arose from his criminal-sentence." Inre Welty, 2008 Tx App LEXIS 3276 (Amarillo):

2) ATTORNEYS: Criminal-LAW: Article 26.04C. C.P. "shall appoint counsel.." Art 1.051C. C.P.

A) Article 26.051 C.C.P. "Indigent Inmate-Defense": (d): court shall: (1) give notice To the Tx Board Crim. Justice: (e) Board shall provide legal representation - employ ATTOrneys - Board shall pay all fees.."

B) Competency: Article 46B.006 Code Crim. Procedure: "shall Appoint counsel": Art. 46C.151: JURY: Determine Competency: Art. 46C: 152 (Judge To Determine):

C) Correctional MANAged Health Care Rules: A08.1(3): "mental health SERVICES prohibited from evaluation of competency - or - SANity.- I: 68.3,- I: 71.1 (3) - "not clear cases, prohibited.."

\* (1) \*

Discipl Book: pg. 13 (V)(A) "CMHC procedures shall be followed.." pg 15 (F) "minor-or major cases.."

3) Criminal LAWs Control: Edwards, 128SCt. 2379 - Ake, 105SCt 1087 - Dusky, 80SCt 788, DROPE 95SCt 896..

A) "Plea" "critical stage" atty: LAFLER, 132S. Ct 1376, - Padilla, 130SCt 1473 "pleas is CRITical stage.." Tovar, 124SCt 1379 (all STAGes)

4) ALL crimes: (45) in Rule Book: Article 15, 17 C.C.P. - "shall Be taken To a magistrate w/IN 48 hrs to Be ADVISED of right To Atty, remain silent - incustody - Via VIDEO Rathgery, 128SCt 2578-83 - FABela, 431SW3d 190-95 - (Duke, 2012 U.S. D- LEXIS-21378 - McDaniel 2012 U.S. D. LEXIS-69530; "article 16.01 - shall be entitled to EXAM trial Before indictment, determine pROBAble cause, - IN custody - or on Bail.."

5) In Re Castro, 998 SW2d 935 - "he was NOT Advised of right to ATTORNey, required By statute - denied due process - VOID proceedings.." (157.163 FAM. Code)..



BRIAN QUINN
Chief Justice

JAMES T. CAMPBELL
Justice

MACKEY K. HANCOCK
Justice

PATRICK A. PIRTLE
Justice

# Court of Appeals

Seventh District of Texas
Potter County Courts Building
501 S. Fillmore, Suite 2-A
Amarillo, Texas 79101-2449
www.txcourts.gov/7thcoa.aspx

VIVIAN LONG
Clerk

MAILING ADDRESS:
P. O. Box 9540
79105-9540

(806) 342-2650

June 2, 2015

Arthur Ware
Potter County Court
500 S. Fillmore, Room 101
Amarillo, TX 79101-2437
* DELIVERED VIA E-MAIL *

R. Wayne Johnson
TDCJ-ID #282756
Clements Unit
9601 Spur 591
Amarillo, TX 79107-9606

**RE:**   Case Number:  07-15-00195-CR

**Style:** In re R. Wayne Johnson, Relator

Dear Mr. Johnson and Judge Ware:

The Court this day issued an opinion and judgment in the captioned cause. TEX. R. APP. P. 48.

In addition, pursuant to Texas Government Code, Sec. 51.204(b)(2), exhibits on file with this Court, **if any**, will be destroyed three years after final disposition of the case or at an earlier date if ordered by the Court.

Very truly yours,

*Vivian Long*

VIVIAN LONG, CLERK

(Writ MANDAMUS) (ENBANC) order T+TCC
TO: 1) Obey 2014 TX App LEXIS 11746
("loss time - criminal" - Appoint atty
disciplinary) "26.05T C.C P" ("court notice
T+ Board"
2) Competency! By Judges only" Art 46C.
152 C.C.P) (not "mental health Grante")
(see documents") I:71.1(3)
I:68.

Art 46B.006 CCP (atty shall)

Displn Book (research attached)!

Denial due process

(therefore Relator - mover -
*Issue Writ - PUBLISH ALSO)
mandatory - criminal - set atty'
26.04 C.C.P) !

Reggie Johnson
CSMC 1968-71
Incompetent

39 USC. 952 (Gen Counsel Postal Dept. - Written notice, hearing - speedly - 39CFR- 952, -24 - (Appeal: 39CFR 952.25) - Search Warrants: 39 USC - 4057 - LAMONT, 85 Sct 1493 - "official Act" - VIZ - EXAM mail - Unconstitutional restraint ON ADD- ressees 1st Amend rights..):

6) NONE of these hAve Been Adhered to By (Amarillo - 2301 Ross) USPS, Master - Gen - or - USPS gen Counsel - 37YRS!

7) They hAve not performed minister- ial duties imposed By LAW- ( S. Warants Issue by Judiciary - 4th Amend - VIOLAT- ed): Conspiracy - 18 USC - 371 - Aid - 18 USC - 2 - TDCJ's - mail crimes to Retal- iAte 18 USC - 1513 ( 1729, 1702, 1703, 241,- 18 USC - 912, 111 ):

9) McNaly, 107 SCt 2875-85 "Focus on mis-use of Postal SERVICE -mails AS instruments of crimes).."

(5)

B) TAYLOR, 120SCt 1495-1503- "ERRORS that undermine confidence in the outcome in fundamental fairness of state courts adjudication. Justifies issuance of the writ." Miranda, 124 SCt-2140-50..

### * FACTS of CASE *

2) Johnson has lost 16,289 days good-time suits due process as an attorney - IN AS- MUCH AS it he: 1) loss w liberty, AND 2) criminal law matter: (Amarillo Appeals: Cause #-14-00384-CR): 2014 TAL-11746

A) "loss liberty sans due process warrants Indigant relief - as VOID. In Re Castro, 9985 W2d 735 (W not ADVISED of his rights to IN atty- per 151.163 FAM Code - VOID")

B) Hill, 105 SCt 2768+73- "loss good time - EXTENDS length of imprisonment - threatens one's freedom (liberty)." cited: Thompson, 263 F3d 423-27 (5th CIR):

C) Pitts 700 F3d 1279-83 (10th CIR). Lassiter 101 SCt 2153-58-.

D) Shelton, 122 SCt 1764- "may" END UP IN Actual lost physical Liberty - counsel Req- uired." Hamelin, 92(2) SCt-2106..



# COURT OF APPEALS

| | | |
|---|---|---|
| SANDEE BRYAN MARION | FOURTH COURT OF APPEALS DISTRICT | KEITH E. HOTTLE |
| CHIEF JUSTICE | CADENA-REEVES JUSTICE CENTER | CLERK OF COURT |
| KAREN ANGELINI | 300 DOLOROSA, SUITE 3200, | |
| MARIALYN BARNARD | SAN ANTONIO, TEXAS 78205-3037 | |
| REBECA C. MARTINEZ | WWW.TXCOURTS.GOV/4THCOA.ASPX | TELEPHONE |
| PATRICIA O. ALVAREZ | | (210) 335-2635 |
| LUZ ELENA D. CHAPA | | |
| JASON PULLIAM | | FACSIMILE NO. |
| JUSTICES | | (210) 335-2762 |

January 14, 2015

Jana Clift-Williams
402 W 12th Street
Austin, TX 78701

Jan Davis
101 W. Main St. Room #204
Fredericksburg, TX 78624
* DELIVERED VIA E-MAIL *

E. Bruce Curry
District Attorney - 216th Judicial District Court
200 Earl Garrett Street, Suite 202
Kerrville, TX 78028
* DELIVERED VIA E-MAIL *

James P. Allison
A.O. Watson House
402 West 12th Street
Austin, TX 78701

R. Wayne Johnson
#282756
9601 Spur 591
Clements Unit
Amarillo, TX 79107

RE:  Court of Appeals Number:  04-15-00014-CV
     Trial Court Case Number:  12,810
     Style:  In re R. Wayne Johnson

Enclosed please find the order which the Honorable Court of Appeals has issued in reference to the above styled and numbered cause.

If you should have any questions, please do not hesitate to contact me.

Very truly yours,
KEITH E. HOTTLE, CLERK

Jennifer Saenz
Deputy Clerk, Ext. 53221

cc: Honorable N. Keith Williams (DELIVERED VIA E-MAIL)

Cause NO

Ex Parte:
Rwayne Johnson,
4-V5 *
TDCJ Director,

COUNTY COURT
Potter County

Pro-Se Petition:
* FOR Writ of Habeas Corpus *

Judge Warli:

1) This is a criminal law matter: Per:
Amarillo Appeals ct: 10-27-14 - Cause NO 7-14-
00384-CR - "Restraint on Liberty (loss of good
time) is a "criminal law matter" arose from
his criminal conviction." In Re Welty, 2008 TX
App LEXIS - 5276 (7/4-2008) - Ex Parte Enderli, 798 SW2d 361
(1990 - Beaumont), Greenwell 151 SW3d 645 (CCA).
Den By: 627/435→(1981)

2) Jurisdiction conferred By: Article 11.05
C.C.P. - (County courts...) - Article 11.21 -
11.23 c.c.P. - 11.40 Prisoner-Discharged."

3) Johnson's loss good-time - 16,239 days must
Be restored, for these enumerated reasons:

A) "Liberty interest in the accurate applic-
ation of State laws." McKu, 100 S ct 2227

* (1) *

7) The underlying matter is a criminal-law matter: 2014 TxAp LEXIS-11746-, Greenville 159 SW3d 645! ExParte Smith- supra.

A) MANDAMUS: Issue: When deprived of a JURY (Questions of Fact: Cramm, 330 SW3d 214-239(Tx) FOLK, 931 SW2d 390, - (Both: article 1. Sect 15 TxCons T. AND art 5, Sect 10 (Judiciary):

8) Relators: "Restraint on Liberty, (LOSS GOOD-TIME CRIMINAL." (MANDAMUS) WARE!

9) Respondent is well-aware that- of TDCJ's Unauthorized Practice of LAW- 38.173, -38.122 by their TRIBUNALS: UPLC, 121 SW3d 831-36 - Rule 5.05 (b)-cited: WARE. 5-1-15

A) VOID Act: Crain, 2 SW3d 58-61 (VOID Act- if not Atty) UPLC, 26 SW3d 24-36: (Tx)

10) Respondent clearly: "Violates the LAW" (man-datory duty):

A) Article 2.10: "Duty of MAgistrates": it is the duty of Every magistrate. to issue ALL process, prevent crimes, - arrest all offend-ers..." See: Crenshaw, 2014 Tx App LEXIS U.S. LEXIS - 165669- "duty Issue all process - 2.09 C.C.P. - 2.10 C.C.P. - 15.03 C.C.P.." (128 SCt at 2591)(15.04 C.C.P.)

B) Article 2.13. C.C.P. "Duties-Powers" - peace officers HAVE DUTY *(3) * to prevent CRIMES"

See: LERMON, 2014 TX APP LEXIS - 12498 -

C) Article 2.16 C.C.P. "Neglect To EXECUTE":
"If a sheriff, - OR other officer, - shall - willfully refuse, fail To execute Any legal process, he shall be held in contempt."

10) The Writ suffices is to constitute a article 15.03 C.C.P. "complaint - (its notarized) - or - AFFidavit of ProbABle Cause" See: LERMON, 2014 TX APP. - LEXIS - 12498 - "Formal charges" Restatement, 2d. - Torts, Sect: 653 -; LIECK, 881 SW2d at 292:

A) 2.13 C.C.P. provides: "Shall - w/o warrant, - prevent, - suppress; - crime, - notice, - Arrest w/o warrant.."

B) This court - can - required To: 2.09 C.C.P. magistrates - Ct Appeals ... w/o warrant; Arrest.." See: 2.10 (Duty) C.C.P. - 2.13 - Duties, - 2.16 C.C.P. "Neglect"; Applies To this court..

11) STERN, 869 SW2d 614 - (87.011(5) · 87.013 - Local. Gov. Code., at 623 - "Official MISCONDUCT" 3.04 C.C.P. (39.02 Penal Code):

(4)

A) Cause NO: 7-11-00119 pg3: "fundamental that arrests are properly issued upon determination of PROBABLE cause By neutral, detached magistrate- 4th AMEND" Martin, 83.35. W2d 129 32- (CCA-92- "Issue warrants.")

B) Respondent (this court) must enforce the U.S. Const: per article-6 oaths- MANDATED by article 1- Sect 1- Tx Const: Eichelberger. 582 S.W 2d 395 (Tx):

12) Relator ALSO asserts his statutory Rights to: 1) EXAMINE Trial: 16.01 C.C.P.- "Shall have right to EXAM trial Before indictment..." McDaniel, 2012 U.S. Dist.- LEXIS-69536- "entitled to pre-indictment trial... determine PROBABle cause to hold for trial..." (ALSO):

A) Sheriff: Duke, 2012 U.S. DIST- LEXIS-21378- "shall have right to EXAmine trial- IN CUSTODY or- ON Bail..." Accord. Crenshaw, 2014 LEXIS- Tx. App. 165668-... (16.01 C.C.P- 32.01 C.C.P.)

13) Writ of MANDAMUS: Issues to ENforce MANDATORY statutes: Bowen 343/805-10 n.6 "unless extant per stat. const. or case law so set"

A) Rosenthal, 9.8 SW3d 194-: "Judge Per ordered to comply with: MANDATory statute (Art: 36.22 C.C.P.); " purely ministerial duty." BANALES, 93 SW3d 33 (CCA)... at 198: " ministerial whether law is derived from statutes- Rule- or OPINION of SUPERIOR (5) court. "Healy, 884 SW3d 772 at 174

98 SW2d at: 218; "Judges do not Enjoy freedom to ignore the law."

B) "No discretion to violate the law" In Re Smith. 333 SW2d 582; (3.04 C.C.P. "official Misconduct"? ??); pg4: Above )*

C) As To Respondent: Littlepage, 984 SW2d 318-332; cites: GRIMES: 909 SW2d 196 (1986: Amarillo) quote: "Equity will not Aid one who comes as A Law violator."

D) Article 2.13 C.C.P. - "shall - arrest w/o1 a warrant, prevent, CRIME; 39.02 (OR) - 2.10 C.C.P. - violated (3.04 C.C.P. ALSO) - Article 2.16 C.C.P. (Neglect) ALSO) * THIS court ALSO. (2.09 C.C.P. - 2.10 C.C.P. - 3.04 C.C.P. - 2.16 C.C.P. (CONTEMPT)*

14) Respondents total failure to have the clerk assign a number (art 2.21 "shall" and D.A. art 2.01 C.C.P) is irresponsible - violate DUTY.

15) Relator cites 11.05 CCP - "duty to grant Writ upon proper motion..." AND 11.46 "shall Discharge" in the Writ.

16) As respondents, this court TDCJs use VOID rules / For "CRImes" (9-10.00.426) (015 TAC 729) their crimes (See attached AFFIDAVIT: 15.03 C. C.P. - Arrest).. This court 2.09 CCP - 2.10 C.C.P - 3.04 (C.P.)

(6)

Wherefore, Relator moves:

1) Order respondent to: A) AFFORD JURY— (pg:3)— B) 16.01 C.C.P EXAM Trial: pg:5- IICOUN-cel: Pre-indictment:

2) "mandatory hearing" not eliminated by "state laws" 1825 CE 1108—57 (or-violate-art:6-oath-mandated by art.1,Sect.1-TX Const.,-(To enter-VOID orders)- as denies due process- IIIgnew, 247 F.3d 609- 19 N, 19 (5th)- Brown 84 F.3d 137-43,—) or- respondent violates DUTY 2.09 C.C.P. — 2.10 C.C.P.,— 2.16 C.C.P.—

3) ALL U.S. Sup Ct cases in writ- "atty To forfeit good time" (LOSS liberty)- fundam-ental fairness- violated: if ignore: Lewis 100 SCt 915,- Towr. 92 SCt 1014-32.,...

4) This court VOID; or order respondent To; Board Policy 03,81- "Shall Be allowed To Assist - ADVISE all legal matters..." Violates A) Claim- supra,- A Blic policy - B) Unlawf-ul Acts: Rule: Littlepage, 984 SW2d 318- (Pg:6)- "Not AID one who carries AS A LAW viol-ater" 909 SW2d 196 (7th: TITUS Ct): Plumine 832 SW2d 757 (92)- "NO legal right that will form the Bases of a Suit;- can Be ASSERTED-in the courts must be predecated upon UNLAW-ful Act of party Asserting it..." love, 860 SW2d 541 (93- SAme) Rodriguez 860 S,- Dover.859 SW2d 441 (SAme)

(7)

AFFIDAVIT: 15.03: I Been prosecuted for CRIMES by TDCJ: (4) X's: NO atty, Jury, 16.01. - 15.17, - 32.01 CCP. -: They committed these crimes to do so: 1) 39.02, 39.04, - 38.122, - 38.123, - 37.10, - Forgery, - 32.21 - etc (EACH case) This cou ct knows by previous pleadings (I could not file.) AND NO one adhered to "Duty of MAGISTRATE" - 2.10, - CCP, - 2.09 - (to violate 3.04 Off Misconduct - C.C.P. (39.02 Penal Code.) - 7.02 Law Partner.

consequently - Probable cause exists for Arrest 2.13. CCP. (pg 6) - 2.16 C.C.P. - (denial due process - Ross 108 SCt 2773 (in pending writ) by TDCJ AND respondent, AND - this court.. (4th Amend - PER this ct #7-11-00119(pg 3) - Martin 833 SW2d 129.32 - with - or w/o warrant to "prevent crime" 2.10 C.C.P (not allow more)

I'm incompetent per TDCJ records - USMC - 1968-71 (only a Judge can determine that per: TDCJ'S own correc man Health care: See attached: ALSO Gerald Grante (a FAKE psych - igist "cleared" cases - (not qualified) - plus - (1-7-015 letter - FAYE Bailey - Board Psych: "Grante not licensed of this Board." (criminal conspir - acy 15.02 P. Code..

I declare all is true - under perjury 28 USC 1746 (Incompent - 110 SCt 995 (not competent to sign) (Burch)

Regie Johnson

(8)

Correctional MANged Health Care : NOT Follo-
wed :)

1) A08.1(3) "mental health Services PROHIBITED
from performing ANY Evaluation in order
determine SANity at time of offense. or-
competency - (VII) "Recommendation- not
construed- AS "Clearing" cases - Expressly
prohibited.." CMHC- Policy : I.68.3, - I.71.1
(3) "only a Judge can determine competency"

2) NAmes to Arrest (This count - since CAN'T
Sue ): 2.09, C.C.P - 2.10 C.C.P. 2.13 - 2.16 CCP
• Gerald Grante PSYCH, Julia Bristow, Julie EVANS,
Vicki BROWN (Counsel SUBSTITUTES - incases)
Terry Rainer (Discip-CNRL) - Mark DAVIS-
(Grantes' SUPERVISOR) - DONNA TOMLINSON (R.N. -
PSYCHE-(Lopez- PSYCHE NURSE) - (⊘ FMHTA - MW)
James Beach, - J. LEWIS, - Sgt Noe) PSYCHE VIA LAW
Parties - 7.02 "MW-11SSIST " (Criminal Conspir-
acy) 46B.146C CCP
3) Need (46B.003 C.C.P.) (due process) Competency-
Judge - "CRIMINAL law " 2014 Tx Ap LEXIS 11746
cases - Halted Parole Review - 13 YRS NOW
(No good - False - all them) "mandatory-
hearing"
103 SCt 3E 1156-7

(7)

I declare all is true. 28 USC 1746 —

Send investigators (TDCS not do-so — 1.08 P. Code — (crimes) — Subpoenas — (Sheriff — N.M. for depositions — 2.01. C.C.P., (2.17 CCP.

Sheriff Conservator Peace "shall arrest all offenders" (or — contempt — 2.16 C.C.P. — 2.13 C.C.P.) — or — me to Potter County ON CRIMINAL

cc FILE

NM laws Obeyed — NO rules to Retaliate!

Rillegne Johnson
#780756
(ySInc — 1968 — Mental Incompetent)

(10)

*LAW LIB, not issue pens — paper, "rule" (14.09 - AD) — indigents to →*

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-15-00195-CR

IN RE R. WAYNE JOHNSON, RELATOR

ORIGINAL PROCEEDING

June 2, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Relator R. Wayne Johnson is a prison inmate appearing *pro se*. In this original proceeding, he asks that we issue a writ of mandamus against respondent, the Honorable Arthur Ware, Potter County Judge. According to relator's petition, on January 28, 2015, he mailed a petition for writ of habeas corpus to Judge Ware concerning relator's continuing complaint[1] that the Texas Department of Criminal Justice has wrongfully stripped him of good conduct time.[2]

*No 11.07 for disciplinary 659SW2d — Palamo Ep!*

---

[1] *See In re Johnson*, No. 07-15-00183-CR, 2015 Tex. App. LEXIS 4525 (Tex. App.—Amarillo Apr. 30, 2015, orig. proceeding) (per curiam, mem. op., not designated for publication).

[2] How a constitutional county court could play any part in a post-conviction proceeding affecting relator's sentence after a final felony conviction is a question we do not address.

*"final ~~two~~ felony" pg 2 → contradicts self!*

"deny Access to courts" (as with—
"Clerks letter" in Bonilla, 424 SW
3d 528 - 34 (CCA - 2014) — Wolff 94 SCt
at 2988 — Hull 61 SCt 640 ⚹ Johnson 89 SCt
747 ("Fundamental"

✗ DINKINS - 894 SW 2d 330 (CCA)
Murgia 96 SCt 2562 - 66 N. 3 (at 341)
"Fundamental right" equal protect
ion (Wealth - Duke 96 SCt 2513 -)

ⓑ Indigency discrim- (Sollezon
financial status"
CRIZ 92 SCt 331 - Burns, 79 SCt 1164 -
Smith - 81 SCt 895 - Boddie 91 SCt 780

⚹ "Rule" overrules U.S. Sup ct !
(Separation of Powers)")

Because relator seeks to alter his sentence by habeas corpus following a final felony conviction, we lack jurisdiction. *See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.,* 910 S.W.2d 481, 483-84 (Tex. Crim. App. 1995) (explaining that court of criminal appeals has exclusive jurisdiction over habeas relief from final felony convictions); *cf. Vargas v. Tex. Dep't of Crim. Justice,* No. 03-12-00119-CV, 2012 Tex. App. LEXIS 9916, at *8 (Tex. App.—Austin Nov. 30, 2012, no pet.) (mem. op.) ("state inmates must use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement" (internal quotation marks and citation omitted)).

Even were this proceeding within our jurisdiction,[3] relator is not entitled to relief. We take judicial notice that Judge Ware did not stand for re-election in 2014 and was not the Potter County Judge on January 28, 2015. Mandamus is directed specifically to an individual judicial officer. *See In re Roseland Oil & Gas, Inc.,* 68 S.W.3d 784, 786 (Tex. App.—Eastland 2001, orig. proceeding) ("[m]andamus is personal to the judge"). Nor is there proof that relator submitted his demand to Judge Ware's successor in office. *See In re Peterson,* No. 09-13-00336-CR, 2013 Tex. App. LEXIS 10887 (Tex. App.—Beaumont Aug. 28, 2013, orig. proceeding) (per curiam, mem. op., not

---

[3] Whether relator's petition is actually "pending" is not shown. Relator alleges he sent his petition directly to Judge Ware but whether it was received and filed is not shown. *Cf. Padieu v. Court of Appeals of Tex., Fifth Dist.,* 392 S.W.3d 115, 118 (Tex. Crim. App. 2013) (orig. proceeding) (per curiam) ("when there is no pending application for habeas corpus filed under Article 11.07 of the Code of Criminal Procedure, the appellate court is not without jurisdiction to rule on mandamus petitions relating to a motion requesting access to material that could be used in a future habeas application").

2

(Copy (MANDAMUS) "CR" ATTACHED

"Knew not 11.07 (rather
11.05 C.C.P" per Them (2014 Tx
App LEXIS-11746 ("Loss Time -
criminal law matter") 1st pg !!

✗ Ignored: ProBABLE cause To Arrest
attached (crimes)
(pg 8) (MANDAMUS) (pg 6) "11.05 CCP -
cited"

(pg 4) (Lock 88 1 SW 2d at 292)
"formal charges" Restmt, 2d. Torts -
2.10 C.C.P "Duty MAGISTRATES") Sect 653)

Another (CRIMINAL)
✗ MANDAMUS pending Judge Emerson
(320th - pg 2 - "motion Recusal" 14th Ct -
(not rule on this writ") | "Smith 444
SW3d 661-70
Arnold, 853 SW2d
543 (Rule 18a)