

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00002-CV

---

IN RE KIMBERLY COLE, RELATOR

---

ORIGINAL PROCEEDING

---

January 9, 2023

## ORDER OF ABATEMENT

**Before QUINN, C.J., and PARKER and YARBROUGH, JJ.**

On January 3, 2023, relator, Kimberly Cole, filed a petition for writ of mandamus challenging a ruling of the respondent trial court judge, the Honorable Drue Farmer, Judge of the Lubbock County Court of Law Number Two. On our own motion, we take judicial notice that Judge Farmer's judicial term expired on December 31, 2022. The Honorable Tom Brummett was sworn in as her successor on January 3, 2023.[1]

---

[1] A court of appeals may take judicial notice of a fact even though the fact was not judicially noticed by the trial court. *Off. of Pub. Util. Counsel v. Pub. Util. Comm'n of Tex.*, 878 S.W.2d 598, 600 (Tex. 1994); TEX. R. EVID. 201. The facts that Judge Farmer's term as county court at law judge has expired and she has been replaced by Judge Brummett are not subject to reasonable dispute. *See City of Houston v. Todd*, 41 S.W.3d 289, 301 (Tex. App.—Houston [1st Dist.] 2001 pet. denied) (judicial notice appropriate for facts that are, inter alia, well known or easily ascertainable); TEX. R. EVID. 201(b).

A writ of mandamus is an order directed personally to the respondent. *In re Solis*, No. 07-08-00370-CV, 2008 Tex. App. LEXIS 7529, at *1 (Tex. App.—Amarillo Oct. 3, 2008, orig. proceeding) (order) (per curiam); *see In re Roseland Oil & Gas, Inc.*, 68 S.W.3d 784, 786 (Tex. App.—Eastland 2001, orig. proceeding) ("mandamus is personal to the judge"). Consequently, "[m]andamus will not issue against a new judge for what a former one did." *In re Solis*, 2008 Tex. App. LEXIS 7529, at *2 (quoting *In re Baylor Med. Ctr. at Garland*, No. 06-0491, 2008 Tex. LEXIS 762, at *1 (Tex. Aug. 29, 2008) (orig. proceeding)). Texas Rule of Appellate Procedure 7 provides that during an original proceeding against a public officer in an official capacity, if the officer ceases to hold office, the officer's successor is automatically substituted as a party and "the court must abate the proceeding to allow the successor to reconsider the original party's decision." TEX. R. APP. P. 7.2(a), (b).

Accordingly, we note the automatic substitution of Judge Brummett as respondent in this original proceeding and abate the case for a period of 30 days from the date of this order. During this period of abatement, Relator shall present to Judge Brummett each issue made the subject of her pending petition for writ of mandamus; obtain a ruling on each; and either amend her petition and appendix in this Court accordingly or file a motion to dismiss her petition.[2]

It is so ordered.

Per Curiam

---

[2] By this order, the Court expresses no opinion on the availability of relief by mandamus on this record or the merits of Relator's petition.