

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-24-00084-CR

IN RE MICHAEL DENTON, RELATOR

ORIGINAL PROCEEDING

February 29, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Relator, Michael Denton, an inmate appearing pro se and *in forma pauperis*, has filed a petition requesting that a writ of mandamus issue against the "31st District court, respondent." Relator seeks our order compelling Respondent "to credit the correct ammount (sic) of pre[-]sentence jail credit as Texas law and statutes require. Also, to award [R]elator with the proper ammount (sic) of good time and parole credits that will reflect an accurate calculation towards his final sentence." The supporting documents accompanying Relator's petition do not include a written order signed by a district judge denying Relator the requested relief, nor does the record establish conclusively that a judge has refused to rule on Relator's request for relief.

For several reasons, we deny Relator's request for mandamus relief. The petition does not identify a specific judge as the respondent. A petition for mandamus requests an order directed personally to the respondent judge. *In re Solis*, No. 07-08-00370-CV, 2008 Tex. App. LEXIS 7529, at *1 (Tex. App.—Amarillo Oct. 3, 2008, orig. proceeding) (per curiam order); *see In re Roseland Oil & Gas, Inc.*, 68 S.W.3d 784, 786 (Tex. App.—Eastland 2001, orig. proceeding) ("mandamus is personal to the judge"); TEX. R. APP. P. 52.2, 52.3(a), (d)(2). Granting mandamus relief is not appropriate against one judge for what another did or did not do. *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228 n.1 (Tex. 2008) (citing *State v. Olsen*, 163 Tex. 449, 360 S.W.2d 402, 403 (1962) ("A writ of mandamus will not lie against a successor judge in the absence of a refusal by him to grant the relief Relator seeks.")).

Further, a petition for writ of mandamus must comply with the requirements of Rule 52 of the Texas Rules of Appellate Procedure. Relator's petition is deficient in several regards, including a failure to include the certification required by Appellate Rule 52.3(j), and certified or sworn portions of the relevant record, as required by Appellate Rules 52.3(k) (Appendix) and 52.7(a) (Record). TEX. R. APP. P. 52.3(j),(k); 52.7(a). Relator also failed to file a certificate of service showing he mailed a copy of the mandamus petition to a Respondent and the Real Party in Interest. *See* TEX. R. APP. P. 9.5(a), (d).

Among the items Relator filed with his petition was a document entitled "Nunc Pro Tunc Entry for Pre-Sentence Jail Time Credit." It purports to bear the district clerk's December 6, 2022 file stamp. To the extent this document was intended a request of the district judge for an order granting some or all of the relief Relator now seeks, there is no indication this request was called to the judge's attention, and (1) the judge made a ruling

2

adverse to Relator, or (2) the judge, although aware of the motion, refused to rule. That a motion is on file with the clerk, standing alone, does not satisfy these requirements. A trial court has no legal duty to perform a nondiscretionary act that is never called to its attention. *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Metoyer,* No. 07-07-00506-CR, 2008 Tex. App. LEXIS 243, at *4 n.2, (Tex. App.—Amarillo Jan. 14, 2008, orig. proceeding) (mem. op., not designated for publication). "A court cannot be faulted for doing nothing when it is or was unaware of the need to act." *In re Cox,* No. 07-12-00525-CV, 2013 Tex. App. LEXIS 30, at *3 (Tex. App.—Amarillo Jan. 3, 2013, orig. proceeding) (mem. op.) (cleaned up).

We deny Relator's petition.

Lawrence M. Doss
Justice

Do not publish.

3